Argued 10 August, decided 15 August, 1904.

## DURHAM *v.* COMMERCIAL NAT. BANK.

[ 77 Pac. 902.]

SURPRISE — JUDGMENT CONTRARY TO STIPULATION.

1. A judgment rendered against a party in pursuance of but contrary to a stipulation is a proceeding taken against him by surprise within the meaning of Section 103, B. & C. Comp., authorizing the court to relieve a party from such a judgment.

TROVER — INTEREST AS DAMAGES.

2. The measure of damages in an action of trover is the value of the property at the time of the conversion, with interest from such date, the interest being considered an item of damages.

TROVER — EFFECT OF STIPULATION.

3. In an action for conversion, being one of a series of similar cases, plaintiff's right to interest from the date of the conversion is not affected by a stipulation that the case in question shall await the outcome of a test case of the series whereupon judgment shall be entered accordingly, the effect of such agreement not being to fix the time when interest shall begin, but only the fact of conversion.

From Multnomah: JOHN B. CLELAND, Judge.

Action by Ella C. Durham, administratrix of S. A. Durham, deceased, against the Commercial National Bank of Portland. In 1899 Henry Weinhard, George H. Williams, and others, including the plaintiff, commenced separate actions at law against the defendant bank to recover damages for an alleged conversion by it of shares of its capital stock. After the issues had been joined in the several actions, a stipulation was entered into between the parties by which it was agreed that the case of Weinhard and Williams should be tried before the court without the intervention of a jury, and in the remainder of the cases no further action should be taken until a final decision of the court of last resort, which it was agreed should be the Supreme Court of the United States, in the Weinhard Case, and that "on such final decision by said Supreme Court of the United States, or judgment herein in accordance therewith in said cause of *Henry Weinhard* v. *Commercial National Bank of Portland*, judgment shall be rendered in

each of said causes covered by this branch of this stipulation in accordance with the legal import and effect of the decision in said Weinhard Case, wherein the issues are identical with said cases, except as to the number of shares of the capital stock of the defendant involved; but, in the event that such decision or judgment in said Weinhard Case shall be for said plaintiff, said judgments shall, as to this particular, follow the allegations of the respective complaints as to the number of shares." In pursuance of this stipulation the Weinhard Case was tried, and on December 6, 1900, the court made and filed its findings of fact and conclusions of law, in which it found (1) that on May 5, 1897, Weinhard was the owner and holder of 100 shares of the capital stock of the defendant, of the par value of $100 per share; (2) that on said date the defendant wrongfully and unlawfully converted the same to its own use and benefit, and the actual value at such time was $30 per share, or $3,000: and as a conclusion of law that Weinhard was entitled to judgment against the bank for $3,000, and his costs and disbursements. Judgment was entered accordingly, and on appeal it was affirmed by this court in May, 1902 (*Weinhard* v. *Commercial Nat. Bank*, 41 Or. 359, 68 Pac. 806), and by the Supreme Court of the United States in January, 1904: *Commercial Nat. Bank* v. *Weinhard*, 192 U. S. 243 (24 Sup. Ct. 253).

Thereafter, and on February 26, 1904, the plaintiff in the present case moved for judgment in her favor, in accordance with the stipulation referred to, for $2,190, the value of the shares converted by the bank and belonging to her, with interest thereon from December 7, 1900, the date of the filing of the findings of fact and conclusions of law in the Weinhard Case. The court, without notice to the defendant or its counsel, and without the knowledge of either, rendered judgment accordingly. In April following, and at a subsequent term of the court, the defend-

ant moved to vacate or modify the judgment because not in accordance with the pleadings and stipulation of the parties. The motion was allowed, and the judgment modified so that it is for the value of the stock converted, and interest thereon from the 26th of February, 1904, the day the judgment was rendered, instead of from the time the findings in the Weinhard Case were filed. From this judgment the plaintiff appeals. Reversed.

For appellant there was a brief and an oral argument by *Mr. Thomas O'Day.*

For respondent there was a brief over the name of *Platt & Platt*, with an oral argument by *Mr. Robert T. Platt.*

Mr. Justice Bean, after stating the facts in the above terms, delivered the opinion of the court.

1. It is insisted that the court had no power at a subsequent term to vacate or modify the judgment rendered in February. The statute provides that the court may, "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect": B. & C. Comp. § 103. A judgment rendered against a party contrary to an understanding or agreement with his adversary is taken against him by "surprise," within the meaning of this section: *Thompson v. Connell*, 31 Or. 231 (48 Pac. 467, 65 Am. St. Rep. 818). The judgment in this case was rendered in pursuance of a stipulation of the parties, and, if contrary thereto, was within the principle announced, and defendant may obtain relief therefrom under section 103.

2. The remaining question is whether the plaintiff is entitled to include in her judgment, as an item of damages, interest on the value of the stock belonging to her, and wrongfully and unlawfully converted by the defend-

ant, from the date of the filing of the findings of fact and conclusions of law in the Weinhard Case. The contention for the defendant is that this question must be determined alone from the terms of the stipulation, and, unless it expressly provides for interest on the value of the stock converted prior to the rendition of the judgment, none can be allowed; but we do not consider the provisions of the stipulation in this regard as material. The action is in trover for conversion of the stock. It is clear and is admitted that, under the stipulation, the judgment in the Weinhard Case determined the liability of the defendant, the fact of conversion, the value of each share of stock converted, and that such stipulation, together with the complaint in the present action, shows the plaintiff to have been the owner of 73 shares of stock so converted. Her stock was therefore of the value of $30 a share, or $2,190, at the time of its conversion; and the rule of law is in an action of this kind that the measure of damages is the value of the articles at the time of their conversion, with interest thereon from that date: *Eldridge* v. *Hoefer*, 45 Or. 239 (77 Pac. 874); 4 Sutherland, Damages (3 ed.), § 1109; 2 Sedgwick, Damages (8 ed.), § 493; Field, Damages, § 792.

3. Although, therefore, the stipulation did not expressly provide for interest on the value of the stock converted, the plaintiff was entitled thereto as a matter of law, as an item of damages caused by the conversion. The stipulation and the decision in the Weinhard Case settled plaintiff's right to a judgment against the defendant for the unlawful conversion by it on May 5, 1897, of 73 shares of stock, of the then value of $30 per share, and the law fixes the amount of the recovery at the value of such shares and interest. It is true, interest is not recoverable as such on an unliquidated claim until the amount thereof is ascertained: *Pengra* v. *Wheeler*, 24 Or. 532 (34 Pac. 354, 21

L. R. A. 726). But in an action of trover it is alleged on the value of the article converted, not as interest, but as an item of damages, and the owner of the property may recover it as a part of the damages suffered by him. Under the law, therefore, the plaintiff would have been entitled to interest, if she had demanded it, on the value of the stock from the time it was converted by the defendant to the date of the judgment in her favor, but interest was not claimed prior to the date of the findings in the Weinhard Case. Judgment was, on motion of plaintiff, rendered accordingly, and by that judgment she is bound.

The order of the court made in April, 1904, modifying the judgment previously rendered, will be reversed, and the cause remanded, with directions to overrule defendant's motion to vacate such judgment.		REVERSED.

---

Decided 17 October, 1904.