STATE ex MENTZER et v PRICE et

Ohio Appeals, 3rd Dist, Paulding Co

No. 51, Decided July 14, 1928

F. P. Spriggs, Paulding, R. H. Sutphen, Defiance, and R. E. Peters, for relators.
P. E. Dempsey, Columbus and S. S. Beard, Paulding, for respondents.

**JUSTICE, J**

It is insisted relators can not maintain this suit for that, in its last analysis, they seek thereby to have this court review the election contest. If this contention be true quo warranto will not lie. **115 OS 588.** But is this contention true? We do not think so for the reason that relators claim that the election contest is a nullity. Manifestly that which is not, can not be reviewed.

It is insisted, however, that relators can not, in this suit, attack the contest proceedings. With this contention we do not agree. Void judgments may always be collaterally attacked. **44 OS 497;** Freeman on Judgements, Fifth Edition, Section 322, page 642.

In the instant suit relators claim they are entitled to membership on said board and that respondents are unlawfully withholding said offices from them.

The relators gave the security for costs, and, as we see it, **Sect 12307 GC** clearly authorizes the prosecution of this suit.

Coming now the question of the claimed violation by relators of the Corrupt Practice Act of this state.

**Section 5175-25, General Code,** provides that any person is guilty of a corrupt practice if he in connection with any election, pays, lends or contributes or promises to pay, lend or contribute any money or other valuable consideration for any other purpose than those enumerated therein. It provides futher that any contribution or expenditure, or offer to contribute or expend any money or thing of value for any purpose whatever, except as therein provided, is "hereby declared to be corrupt practice and invalidates the election of any person guilty thereof."

Admittedly relators made the said promises, statements and declarations set forth in the said notice of contest. Did they, by so doing, violate this section of the General Code? We do not think so.

Said promises, statements and declarations as likewise the said other promises of relators, are, in our opinion, mere expressions of a policy which relators will pursue as public officials if elected to office. Such kind of pledges are made in the interests of the public and are consistent with personal fitness for office. They involve no personal pecuniary consideration offered by the relators in order to accomplish their election. Clearly they do not fall under the ban of the Corrupt Practice Act of this state.

**93 OS 314-319.**

Holding these views, it follows that relators should be inducted at once into membership on the Board of Trustees of Public Affairs of the Village of Paulding, Ohio, and that respondents, Charles F Price and George E Coons, be' forthwith ousted therefrom.

Before Judges Crow, Hughes and Justice.