First Natl. Bank of Akron, Appellee, *v.* Greene et al.;
Foraker, Appellant.

(No. 4599—Decided April 4, 1956.)

*Messrs. Slabaugh, Walker, Pflueger, Roderick & Myers,* for appellee.
*Mr. Fred G. Cain* and *Mr. John E. Kaufman,* for appellant.

Hunsicker, J. This is an appeal on questions of law.

On September 16, 1948, Floyd Foraker commenced an action against James M. Greene in the Court of Common Pleas of Summit County, Ohio, and personal service was had upon Greene. This petition prayed for a dissolution of a partnership, "that an account be taken of the moneys received and contributed by both parties under said partnership, that a further account be taken of the various withdrawals of each partner, that a receiver be appointed, and for such other and further relief as may be just and equitable in the premises."

On November 5, 1948, a default judgment was entered in that case. Greene never appeared in court, either personally or by way of answer. A personal judgment was awarded Foraker against Greene for $2,800.

On June 1, 1953, Greene purchased an automobile, and in part payment thereof executed and delivered to the seller his

promissory note for $2,085.60, together with a chattel mortgage on this automobile.

On June 5, 1953, the First National Bank of Akron purchased this note and chattel mortgage, on which there is due the face amount of the note.

On June 11, 1953, Foraker issued an execution on his judgment, and a levy was made on the Greene automobile.

On June 16, 1953, the First National Bank filed for record the chattel mortgage on the Greene automobile, and presented to the clerk of courts the certificate of title to said automobile, with a notation of such lien upon the certificate of title.

The First National Bank then began foreclosure proceedings on its chattel mortgage. A temporary injunction was issued to enjoin the sheriff from selling the automobile, pending the determination of the validity of the Foraker judgment. The case of *Foraker* v. *Greene* was, by order of the Common Pleas Court, consolidated with the action as filed by First National Bank against Greene and Foraker. By agreement, the automobile was sold, and the fund obtained from the sale was impounded pending the determination of the instant action.

The amended petition to foreclose the chattel mortgage, as filed by First National Bank, was amended, and a cause of action added, wherein the bank alleged that the money judgment awarded Foraker against Greene was void in the following respects:

"(a) in that the endorsement on the summons served upon the defendant Greene in the action stated the action to be one for 'dissolution of partnership, appointment of receiver, and equitable relief,' and that no notice of any kind was contained therein that the plaintiff would seek a judgment for the recovery of money.

"(b) that the prayer of said petition requested dissolution of the partnership, and account be taken of moneys received and contributed by the partners, and of their withdrawals, that a receiver be appointed, and for other and further equitable relief as may be just in the premises; that no claim was made in said petition that the defendant Greene had withdrawn from said partnership any amounts in excess of his interest in said business; that no notice of any kind was given to the defendant

Greene that a personal judgment for money was sought by the plaintiff or would be rendered against the defendant upon failure to answer; and that defendant Greene was given no notice of any kind that other or different relief would be given to the plaintiff than that requested in the petition."

The trial court determined that the judgment in favor of Foraker against Greene was void, and awarded First National Bank a judgment on its note against Greene, a foreclosure of its mortgage, and the first lien on the fund arising from the agreed sale of the Greene automobile.

It is from this judgment that Foraker has appealed to this court, saying the trial court erred in setting aside the judgment which Foraker had obtained against Greene.

Our inquiry must of necessity be directed to the validity of the money judgment which Foraker obtained against Greene; for if that money judgment is void, then it is a mere nullity, and any execution issued under its authority is ineffective to establish a valid lien on the automobile.

"* * * a judgment absolutely void is subject to attack anywhere, either directly or collaterally, as it is a mere nullity." *State, ex rel. DeRan,* v. *Myers, Sheriff,* 83 Ohio App., 469, at p. 474, 84 N. E. (2d), 240.

And see: *State, ex rel. Mentzer,* v. *Price,* 30 Ohio App., 218, 164 N. E., 765; 49 Corpus Juris Secundum, Judgments, Section 414.

The petition, as filed by Foraker against Greene, which is set out at length in the amended petition filed herein by First National Bank, does not raise a claim of any amount due Foraker from Greene; but on the contrary, such petition, although saying that Foraker and his wife advanced certain sums of money, alleged further—

"* * * that the assets of said partnership are worth approximately twelve thousand one hundred eighty-eight ($12,-188.00) dollars, and that there are outstanding liabilities amounting to approximately eight thousand nine hundred ($8,900.00) dollars.

"* * * that by reason of the unlawful acts of said defendant heretofore set forth, said defendant has appropriated and used all of his interest in and to said partnership, and that, unless a

receiver is appointed herein without delay, said defendant will continue to appropriate additional assets of said partnership; that he will speedily deplete the assets of said partnership and will cause same to become insolvent.''

Thus, these allegations and the prayer of that petition did not provide for a money judgment, unless the request ''for such other and further relief as may be just and equitable in the premises'' will support that money award.

If that judgment as rendered is outside the issues or cause set out in the petition, is it void, and hence subject to the attack made upon it by First National Bank?

The action by Foraker against Greene was not an action for the recovery of a money judgment; it was a suit in equity for an accounting and the dissolution of a partnership. In such an action, the only decree the court on default was authorized to render was one dissolving the partnership and ordering an accounting. This it did not do.

Greene, by his default, admitted that: there had been a partnership existing; he had received all he was entitled to from such partnership; the assets exceeded the liabilities by several thousand dollars; and that there should be an accounting.

Greene, by his default, did not admit that he owed Foraker anything on such accounting if and when it was made, for by the petition there was alleged assets of the partnership in excess of the amount Foraker and his wife had advanced to form that partnership. The excess of assets over liabilities, the petition said, amounted to $3,288, whereas the petition said that Foraker advanced $1,300, his wife advanced $1,200, and that Greene drew $100 more per month from the partnership than Foraker.

We do not have before us the partnership agreement, but since the judgment was for $2,800, it may be assumed that this monthly overdrawal by Greene was for a period of three months. Thus, Foraker received, by the judgment entry in his action to dissolve the partnership, not only all the assets of the partnership, amounting to a net value of $3,288, but he also was awarded a judgment for $2,800. No accounting was ever had in that matter from which a judgment for money could be rendered.

The general rule in most jurisdictions, whether by statute or by judicial interpretation, is to the effect that the relief granted to a plaintiff, in a case where the defendant has permitted a default judgment to be entered against him, cannot exceed that which is demanded in the petition as filed by the plaintiff. *Christ* v. *Jovanoff*, 84 Ind. App., 676, 151 N. E., 26; *Lawrence* v. *Beecher,* 116 Ind., 312, 19 N. E., 143; *Sheldon* v. *Sheldon,* 47 Wash. (2d), 699, 289 P. (2d), 335, wherein the court said that "5. A defendant has a right to allow a default to be taken against him, secure in the knowledge that the judgment or decree will not exceed the demand of the complaint." *In re Estate of Williams,* 36 Cal. (2d), 289, 223 P. (2d), 248, 22 A. L. R. (2d), 716; *North American Accident Ins. Co.* v. *Moreland,* 60 Fla., 153, 53 So., 635; *Oviatt* v. *Oviatt,* 174 Iowa, 512, 156 N. W., 687; *Sivakoff* v. *Sivakoff,* 280 App. Div., 106, 111 N. Y. Supp. (2d), 864; 31 American Jurisprudence, Judgments, Section 515.

Ohio has no statute, as is found in several of the above states, which expressly prohibits a default judgment for more than the amount or claim set out in the petition. We believe, however, that the rule set out in the above cases is proper, even though no such special statute has been enacted with reference to default judgments. See: *Rosebrough* v. *Ansley,* 35 Ohio St., 107; *Spoors* v. *Coen,* 44 Ohio St., 497, 9 N. E., 132; *Moorman* v. *Schmidt,* 69 Ohio St., 328, 69 N. E., 617.

We also believe this rule is properly applied in the instant case; under the Uniform Partnership Law, Section 1775.01 et seq., Revised Code. By virtue of Section 1775.42, Revised Code, Greene had a right to an account of his interest, and not to a judgment against him, where every reasonable intendment of the petition disclosed that there were more than sufficient assets to cover the loans made to the partnership as well as all outstanding liabilities.

What, then, is the position that this judgment occupies; is it void, or voidable? In 1 Freeman on Judgments (5 Ed.), Section 355, it is stated:

"* * * A judgment outside the issues is not a mere irregularity, but is extrajudicial and invalid. The foundation of the rule that judgments of a court of competent jurisdiction are attended with presumptions of verity is the fact that the parties

have been properly brought before the court and given an opportunity to be heard upon the matters determined. But the foundation falls, and the rule of verity ceases, when it appears that the judgment adjudicated matters beyond the issues and upon which the parties were not heard.

"A prayer for general relief authorizes the court to grant any relief within the issues presented by the allegations of the bill of complaint and a judgment, though departing from the specific relief asked, if within the facts pleaded, is not void for lack of jurisdiction. But *a prayer for general relief does not confer jurisdiction to determine matters beyond the issues presented by the allegations or the case, especially where there is no answer or* defense pleading." (Italics ours.)

The rule in Ohio, of long standing, is to the effect that "4. The judgment of a court upon a subject of litigation within the jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached." *Spoors* v. *Coen*, 44 Ohio St., 497, 9 N. E., 132. And see: *Boyle, Treas.,* v. *Public Adj. & Const. Co.,* 87 Ohio App., 264, 93 N. E. (2d), 795; *Sheldon's Lessee* v. *Newton,* 3 Ohio St., 494, at page 499; *B. & O. Rd. Co.* v. *Larwill,* 83 Ohio St., 108, at p. 116, 93 N. E., 619, 34 L. R. A. (N. S.), 1195; *Geo. C. Miller Sons' Carriage Co.* v. *Jeptha G. Miller & Sons' Co.,* 21 C. C., 207, 11 C. D., 455; *In re Estate of Kachelmacher,* 40 Ohio App., 282, at page 291, 178 N. E., 314; *Kipp* v. *Bowman,* 20 Ohio Law Abs., 698, at page 701.

The latest pronouncement of the Supreme Court affirming the principle laid down in *Spoors* v. *Coen, supra,* is found in the case of *State, ex rel. Clark,* v. *Allaman, Supt.,* 154 Ohio St., 296, at p. 303, 95 N. E. (2d), 753. This principle is that judgments based upon issues not made by the pleadings are *coram non judice* and void.

We therefore determine herein that the money judgment of $2,800, rendered in the trial court in favor of Foraker and against Greene, is void, for the reason that no demand for any such sum of money was included in the petition for dissolution of the partnership, and that hence the court had no power to grant the award. Since, then, the money judgment obtained by Foraker against Greene is a void judgment, it will not support

a levy or execution on the automobile, or the proceeds therefrom.

The judgment in this case is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.