Argued February 16, affirmed February 21, petition for
rehearing denied March 28, 1961

# DAY *v.* DAY

359 P. 2d 538

*Lawrence V. Smart, Jr.,* Portland, argued the cause
for appellant. On the brief were Smart, Thomas and
Bartsch, Portland.

*David O. Bennett,* St. Helens, argued the cause
for respondent. On the brief were Bennett & Vagt,
St. Helens.

Before McALLISTER, Chief Justice, and WARNER,
SLOAN, O'CONNELL and LUSK, Justices.

McALLISTER, C. J.

This is an appeal by the plaintiff from an order denying her motion to vacate a decree of divorce in favor of defendant.

This suit was filed by plaintiff in Columbia County on February 6, 1958 and shortly thereafter the defendant filed an answer and cross-complaint. In April 1958 the parties were reconciled and lived together until October 1958 when they again separated. Thereafter both parties filed supplemental pleadings and the case was set for trial on October 13, 1959. Before the date fixed for trial, plaintiff's attorney withdrew from the case and the trial was postponed and later reset for trial on February 29, 1960. The plaintiff did not appear at the time set for trial and after hearing the evidence offered by defendant, the court entered a decree granting defendant a divorce, settling the property rights of the parties and awarding custody of the minor children to the defendant. Within the term plaintiff filed a motion to vacate the decree of divorce and from the order denying her motion, has appealed to this court.

■ It is well settled that a motion to vacate the decree is addressed to the sound legal discretion of the trial judge and that his ruling will not be reversed except for manifest abuse of such discretion. ORS 18.160;[1] *Jaeger v. Jaeger,* 224 Or 281, 356 P2d 93; *Koukal v. Coy et ux.,* 219 Or 414, 347 P2d 602 and *Carmichael v. Carmichael,* 101 Or 172, 199 P 385.

On October 16, 1959, the Honorable Glen Hieber, one of the judges of the 19th judicial district, wrote a letter to Mrs. Day in response to a telephone call he

---

[1] ORS 18.160. The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

had received from her. He advised Mrs. Day that the trial of her case had been postponed to enable her to secure another attorney, that the proceeding was a suit for divorce rather than separate maintenance, that her husband had filed a cross-complaint seeking a divorce and that the case probably would be heard within the next month. Judge Hieber suggested that Mrs. Day take her file to an attorney without delay.

On January 6, 1960, the county clerk for Columbia county notified Mrs. Day by registered mail that her case had been set for trial on February 29, 1960. On January 11, 1960, the Honorable J. S. Bohannon, also one of the judges of the 19th judicial district, wrote Mrs. Day and advised her that "The above-captioned case [*Day v. Day*] in which you are a party has been set for trial in St. Helens on February 29, 1960, commencing at 9:30 A. M.." He further advised her that it was her responsibility to retain an attorney if she wished one and pointed out that the attorney could apply to the court for an order requiring the defendant to pay the fee of her attorney. He cautioned her to act promptly as the case had been set for trial and would not likely be postponed.

On February 26, 1960, one of the attorneys for defendant, at the request of Judge Bohannon, called in person on plaintiff and advised her that the case would be heard on February 29, 1960.

In view of the meticulous care taken by the trial court to protect the rights of plaintiff and her apparently deliberate failure to appear at the trial of her case, the court did not abuse its discretion in refusing to set aside its decree. Plaintiff's claim that she did not understand the nature of the case is obviously insincere.

Affirmed.