Submitted May 13, affirmed June 15, 1966

## WILLIAMSON et ux *v.* ALLEN et ux

415 P. 2d 733

Norman K. Winslow and James E. Ritter, Salem, for appellants.

Edward L. Clark, Jr. of Clark & Marsh, Salem, for respondents.

PER CURIAM.

Defendants appeal from an order of the trial court

denying their motion pursuant to ORS 18.160[①] to set aside a default judgment against them.

On July 1, 1965 defendants' counsel filed an application for a trial date. On July 19 the court set the case for trial on August 23, 1965. Defendants' counsel admits he was present in court on July 19 but does not recall the oral announcement of a trial date by the judge at that time. Defendants' counsel concedes that a written notice of trial date was received in his office prior to August 23, 1965, but states that it did not come to his personal attention. On the morning of August 23, defendants' counsel appeared and moved for a continuance. The court granted a continuance to September 1, 1965 only.

On August 27, 1965, defendants' counsel signed a document entitled "Resignation of Attorney" which read:

> "Comes now Norman K. Winslow, individually and on behalf of the firm of Harland, Winslow, Pierson & Ritter, and resigns as attorney of record for the defendants W. Gordon Allen and Madeline R. Allen.
>
> "That on the 11th day of August, 1965, the undersigned attorney notified his clients and each of them of his intent to resign by August 25, 1965, unless certain specific conduct occurred on behalf of his clients. Said conduct has not occurred.
>
> "Said notice to the clients of the undersigned was sent to them at their last known address P. O. Box K, Paradise, California, and said notice was not returned undelivered by the U. S. Postal Service.

---

[①] ORS 18.160. "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

"That according to the best of my knowledge and belief my clients do not have a telephone number in Paradise, California. That I have tried to reach them by telephone without success."

On the new trial date, September 1, 1965, despite his previous "resignation," counsel for defendants appeared for the purpose of moving for a further continuance. When this was denied by the trial judge, defendants' counsel left the courtroom and "a judgment by default was entered." The motion for continuance was supported by counsel's affidavit which read in pertinent part:

"That I was formerly attorney for the defendants in the above entitled cause and court, and I have agreed to file a motion for continuance on behalf of said defendants at the present time, and I make this affidavit on behalf of said defendants in support of said motion, in order that the court may have before it all of the facts bearing on the necessity and importance of a continuance of the above entitled cause.

"* * * * *

"That prior to said date [August 23, 1965] I had had rather extensive correspondence with the defendants not involving the trial of the case of Williamson v. Allen, but including certain other litigation and that case now pending in Marion County Circuit Court, concerning certain policy decisions which would have to be made by the defendants and certain financial arrangements which would have to be made by them with my office as a basis for my continuation of representing them in any of said cases. That while the defendants had not advised me that they had no intention of returning to Oregon for the trial of any of such litigation, or to employ me further with reference to the same, they gave me the impression that such was their intention, and that they would not return to the State

of Oregon for the trial of any of said cases. That they did not so advise me in so many words.

"* * * * *

"That pursuant to the directions of the court, I did write to the defendants on August 23 and advised them of the trial date of September 1st. However, the defendant, W. Gordon Allen, who is the main and supervising defendant was then in Mexico City, and although Mrs. Allen was in Chico, California, she was, according to my information, unable to reach her husband until August 29.

"That on August 31, at approximately 1:15 p.m., I received a long distance telephone call from W. Gordon Allen, the principal and supervising defendant in connection with the above entitled cause. That at that time he advised me that he had been in Mexico City, and had returned to Chico, California, only by accident, and in part because of the requirements of his health. That he further advised me that he is now under the care of Rufus Rucker, M. D., with offices at 188 East Fifth Street, Chico, California, for treatment of potential acute appendicitis. That said defendant has apparently been having symptoms of appendicitis, which have been growing more painful, and according to said defendant Dr. Rucker has scheduled certain laboratory tests to be performed by another doctor in Chico, California, one Jay Gibson, M. D. for this week. That by virtue of said circumstances said defendant is likewise unavailable for the purpose of the trial of the above-entitled cause on September 1st. That the symptoms of acute appendicitis above referred to have been getting worse.

"* * * * *

"That I am not presently employed to perform any services for the defendants other than the Motion for Continuance to which this Affidavit is attached. * * *."

On September 24, 1965, defendants' counsel filed a motion for an order setting aside the judgment of

September 1st on the ground that "said judgment was entered against these defendants and each of them through mistake, inadvertence, surprise and excusable neglect (ORS 18.160)." The September 24th motion referred to counsel's affidavit attached to his September 1st motion for a continuance but had no other supporting affidavits.

The record is barren of affidavits of either of the defendants, let alone the Doctor who allegedly made the diagnosis of "potential acute appendicitis." The affidavit of counsel speaks for itself as largely hearsay based on hearsay.

To hold that the trial court abused its discretion— in the face of such a showing—would be to negate the discretionary powers conferred on it by ORS 18.160. This we will not do.

Affirmed.