Argued September 16, affirmed December 16, 1970

GRUBB, *Appellant, v.* BOSTON OLD COLONY
INSURANCE COMPANY, *Respondent.*

477 P2d 901

*Gerald R. Hayes*, Portland, argued the cause for appellant. With him on the briefs were Galton & Popick, Portland.

*Cleveland C. Cory*, Portland, argued the cause for respondent. With him on the brief was Clarence R. Wicks, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN and HOWELL, Justices.

HOLMAN, J.

This is an action brought under ORS 743.783 against a liability insurer by the holder of an unsatisfied judgment for damages. Plaintiff appealed from a judgment in favor of defendant after a trial to the court without a jury.

On November 16, 1966, the daughter of defendant's named insured, while driving a motor vehicle belonging to the named insured with his consent, was involved in an accident with a vehicle operated by plaintiff. Under such circumstances, the policy provided liability coverage for the daughter. Subsequently, an action was filed by plaintiff against the daughter and a $3,000 default judgment for personal injuries was secured which remains unsatisfied after the levy of an execution.

Defendant refused to defend the action or to pay the judgment, claiming that the provision of its policy had not been complied with which required that "[i]n the event of an accident * * * written notice should be given by or for the insured to the company or any of its authorized agents as soon as practicable." Defendant claimed that it received no notice of the accident until May 13, 1968, a year and a half after the accident. Plaintiff's position on appeal is:

"The plaintiff concedes that the conflicting evidence regarding the time when notice was given to the insurer is a matter to be decided by the trier of fact, and his finding will not be disturbed so long as there is some evidence in the record to support it. Therefore, the sole issue upon which plaintiff will base her appeal is the court's failure to properly consider and properly apply the 'Trival [sic] Accident Rule' as an excuse for the giving of timely notice to the insurance carrier."

The trivial accident rule excuses an insured from reporting an accident to its insurance company if the accident was so minimal that no prudent person acting reasonably would consider, under all the circumstances, that a claim would be made.[1] The test for determining whether or not an accident is sufficiently trivial to excuse a failure to give notice is an objective one measured by a reasonable-man standard and not a subjective one measured by the good faith of the insured.[2] This court has never heretofore been called upon to accept or apply the trivial accident rule.

[1] 8 Appleman, Insurance Law and Practice 78, § 4743 (2d ed 1962).

[2] Young v. Traveler's Insurance Co., 119 F2d 877, 879-80 (5th Cir 1941).

By definition, the accident must have been trivial before the rule can be applied. The trial judge found "* * * in favor of the defendant * * * and against the plaintiff * * * upon all material issues of fact raised by the pleadings, testimony, and evidence in this case." The court thus found against plaintiff on the issue of triviality. If this finding was justified, it was the end of the road for plaintiff.

In considering whether the trial court's finding was justified, it is important to consider who had the burden of proving that the accident was trivial. The burden of proving an excuse for failure to give a required notice rests upon the person who is seeking to excuse such failure.[9]

The named insured's daughter, who is the judgment debtor and who was the operator of the vehicle at the time of the accident, drove the vehicle into the rear of plaintiff's station wagon which was stopped at an intersection in compliance with a red light. The daughter testified that it was not a big impact and that there was only a small dent in the station wagon's tailgate. She did not testify concerning the damage to the vehicle which she was operating. She also stated that either plaintiff or plaintiff's companion told her more than once that neither of them was injured.

The named insured testified that his daughter paid for the repair to his vehicle. He said also that plaintiff, at his request, secured an estimate of the damage to her vehicle and that he saw the estimate and made arrangements to have it repaired but that plaintiff never took her vehicle to be repaired. He

---

[9] 8 Appleman, Insurance Law and Practice 91, § 4746 (2d ed 1962).

did not testify to the amount of the damage to his vehicle nor to the amount his daughter paid him for its repair. Neither did he testify to the contents of the estimate which he received for the repair of plaintiff's vehicle. He said he did not want the insurance company to pay for repairing plaintiff's vehicle because he did not want to impair his standing with them as an insured risk. Neither did the named insured's daughter testify concerning the amount she paid her father for the repair of his vehicle. Both the daughter and the named insured were called as witnesses for plaintiff.

Plaintiff merely testified that the rear of her vehicle was dented and that part of the damage was repaired more than two years after the accident. She did not testify concerning the extent of the dent, the force of the impact, the estimate on the repair of her vehicle which she secured at the named insured's request, nor how she happened to receive the injuries which resulted in her judgment for $3,000. Neither did she testify concerning how or by whom her vehicle was ultimately partially repaired or the cost that was involved. She did testify she was not aware of any injury to herself or to her passenger at the time of the accident and that "I told her [operator of the other vehicle] I didn't *think* there had been any damage, bodily damage, to us." (Emphasis ours.)

■■ For a person who has the burden of proving the accident was trivial, plaintiff has been most parsimonious in the use of available testimony. Also, the obvious interest of plaintiff's witnesses in the outcome of the case and the fact that the extent of the accident was peculiarly within the knowledge of plaintiff and of her witnesses obviate the necessity that their testi-

mony be accepted at face value by the trier of the fact, even if it was uncontradicted. *Schmitz v. Yant et ux,* 242 Or 308, 317-18, 409 P2d 346 (1965); *Wiebe v. Seely, Administrator,* 215 Or 331, 343-44, 335 P2d 379 (1959).

It is our conclusion that, for the reasons given, the trier of the facts could disbelieve the testimony of the plaintiff's witnesses concerning the triviality of the accident. Therefore, the trial judge could find for defendant because plaintiff had not carried her burden of proof.

■ The trial court expressed its disbelief that a trivial accident could result in $3,000 worth of personal injuries. Plaintiff contends this shows that the trivial accident rule was misapplied because the court looked at the matter as it ultimately turned out to be instead of the way it appeared to be at the time of the accident. The fact that he so expressed himself at the completion of the trial does not mean, necessarily, that the statement was the basis for his finding of fact some weeks later. The reason for the court's ruling that the accident was not trivial is unknown. If the record would have justified a jury's finding that the accident wasn't trivial, as we believe it would have, the court's finding must be upheld.

Although the question of reasonableness must be determined on the basis of facts as they existed at the time of the controverted events, the court, nevertheless, in deciding whether to believe plaintiff's version of such facts, could properly consider plaintiff's failure to explain how she suffered such extensive injury. The extent of injury to persons in a vehicle, as the extent of damage to the vehicle itself, usually, but not necessarily, bears a relationship to the force

of the impact. The extent of such injury, therefore, is relevant testimony on the question of triviality.

Because we have upheld the finding of the trial court that the accident was not trivial, it is unnecessary for us to decide whether the trivial accident rule is applicable in Oregon.

The judgment of the trial court is affirmed.