Argued December 7, 1971, affirmed as modified
January 26, 1972

COLEMAN, *Respondent, v.* MEYER ET AL,
*Appellants.*
493 P2d 48

*Theodore S. Bloom,* Portland, argued the cause and filed a brief for appellants.

*Thomas K. Thorpe,* Portland, argued the cause for respondent. With him on the brief were Cookingham & Maletis, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOLMAN, J.

An action was brought by plaintiff, a lessor of real property, to recover for unpaid rents, taxes, insurance and maintenance allegedly owed by defendants, who were claimed to be the assignees of the original lessee. The defendants, mother and son, failed to answer or to appear otherwise, and an order of default and a judgment were entered against them. Shortly thereafter, an execution was issued on the bank accounts of the mother, and, approximately one month after the judgment was entered, defendants filed a motion pursuant to ORS 18.160[①] to set aside the default and the judgment on the basis of defendants' mistake, inadvertence, surprise and excusable neglect. Answers were tendered by defendants with their motion.

After a hearing, the trial court denied the motion; it reconsidered the matter on a second hearing and again denied defendants' motion. Defendants appealed.

██ Defendants first contend that the trial court erred in entering the default and judgment because the return of service was defective, and, therefore, the court failed to acquire jurisdiction of them. Defendants' position is not well taken. Whether it be before or after judgment, a party waives all irregularities in the service of process when he appears generally and asks to plead and defend upon the merits of the case. Defendants' motion and tender of their answers constituted such an appearance. *Ahlstrom v. Lyon*, 169 Or 629, 633, 131 P2d 219 (1942); *Woodburn Lodge v.*

---

[①] ORS 18.160: "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

*Wilson,* 148 Or 150, 161-62, 34 P2d 611 (1934) ; *Herrick v. Wallace,* 114 Or 520, 528-31, 236 P 471 (1925).

■ Defendants next contend that the judgment was void because it was entered for $28,882 instead of the $24,882 requested in plaintiff's complaint. Plaintiff admits that the amount of the judgment was improperly in excess of his prayer as the result of a claimed typographical error. Defendants cite as sole authority for their position 47 Am Jur 2d 200, Judgments § 1176, which states: "In some cases, the granting of more relief than is demanded in the complaint is regarded as rendering the judgment void, or at least rendering void the excessive relief granted." None of the cases cited therein⊚ for this proposition hold that the entire judgment is void when a judgment in excess of the amount demanded in the complaint is granted. Primarily, they are cases where a different kind of relief was granted than that which was requested. One of the cited cases, *Russell v. Shurtleff,* 28 Colo 414, 65 P 27, 89 Am. St. R. 216 (1901), distinguishes its holding from the situation which is present in this case by stating as follows:

> "The decision in this case is not based upon the fact that the trial court rendered a judgment against the defendants in excess of that demanded in the complaint. The amount of the judgment to which plaintiff was entitled was a matter within the jurisdiction of the court to determine, and, although it erred in this respect, such error did not render the judgment void * * *." 65 P 27 at 29.

---

⊚ Russell v. Shurtleff, 28 Colo 414, 65 P 27, 89 Am. St. R. 216 (1901); First Nat. Bank of Akron v. Greene, 101 Ohio App 267, 1 Ohio Op 2d 255, 139 NE2d 664 (1956); Mach v. Blanchard, 15 S. D. 432, 90 NW 1042, 91 Am. St. R. 698, 58 LRA 811 (1902); State v. District Court of Eighth Jud. Dist., 33 Wyo 281, 238 P 545 (1925).

That part of the judgment which was within the prayer was valid.

Defendants' principal contention is that the court abused the discretion vested in it by the statute when it failed to set aside the judgment. The case was heard upon affidavits. Defendant Jean R. Meyer, the mother, stated in her affidavit that a man came to her door and wanted to give her some papers and that she asked what they were about; that when she was told they concerned a motel (the property subject to the lease in question), she told the man she had nothing to do with it; that she did not accept the papers and thereafter he left without leaving any; that later, her son, the other defendant, came home and found in her mailbox a copy of the summons and complaint in an envelope addressed to him; that her only involvement with her son was to loan him money for business enterprises and that she had nothing to do with the lease of the motel; and that she was unaware of the judgment until her bank accounts were garnished and that she honestly thought that if she did not accept the papers, she would not be involved in the law suit.

The son filed affidavits in which he stated that his mother was 80 years of age and not versed in business affairs; that he found the summons and complaint in the mailbox as was alleged in his mother's affidavit; that his mother told him of the man coming to the door, of her conversation with him, and of her refusal to accept the papers; that his mother was not involved in the motel lease but had merely loaned him funds in connection with the operation of the motel; that, since his attorney had been in contact with plaintiff's attorney, defendant assumed that the papers were also served upon his attorney, who would take the necessary steps to defend the action.

The person serving the papers for plaintiff filed an affidavit in which he stated that he served a summons and complaint upon the defendant Jean Meyer, but was unable to serve the other defendant at that time because he was not at home; that he returned the next day, but Jean Meyer would not say if the other defendant was home and would not accept the papers for him, so he left the papers for George Meyer in the mailbox; and that plaintiff's attorney informed him that the service on George Meyer was not proper, so he served him personally at a later date.

■ A motion to vacate an order of default and judgment under the provisions of ORS 18.160 is addressed to the sound legal discretion of the trial judge. *Day v. Day*, 226 Or 499, 500, 359 P2d 538 (1961); *Jaeger v. Jaeger*, 224 Or 281, 286, 356 P2d 93 (1960). The action of a trial court in refusing to set aside a judgment or a decree will not be overruled except for a manifest abuse of discretion. *Williamson v. Allen*, 244 Or 55, 59, 415 P2d 733 (1966); *Peake v. Peake*, 242 Or 386, 389-90, 408 P2d 206 (1965). However, the section should be construed to the end that every defendant should have an opportunity to have his day in court, *Snyder v. Consolidated Highway Co.*, 157 Or 479, 484, 72 P2d 932 (1937), and the court's discretion is controlled by fixed legal principles and must not be exercised arbitrarily, but, rather, it should be exercised to conform with the spirit of the statute and not to defeat the ends of substantial justice. *Peters v. Dietrich*, 145 Or 589, 594, 27 P2d 1015 (1934); *Carmichael v. Carmichael*, 101 Or 172, 175, 199 P 385 (1921).

■ The affidavit of the person serving the papers for plaintiff forms an adequate basis for the trial court to have found that Jean Meyer was served at another time than during the occurrence which she

recounts in her affidavit. She does not deny that she was served at another time. Her only excuse is that she was aged and did not think she was involved. The trial court could infer that her professed lack of understanding was less than represented because of her omission from her affidavit of the pertinent fact that she had been served prior to the occasion which she recounts in her affidavit.

The son, George, does not deny being served on the 3rd of November. The execution upon his mother's bank accounts was not levied until March 24, four months and twenty-one days later. Apparently he did not contact his attorney during this period, despite his claim that he supposed his attorney had been served and was taking care of the matter, for, if he had, he would have discovered that such was not the case. In a matter of this consequence, it is hardly credible that a defendant would not have contacted his attorney for that length of time after service if he thought his attorney was handling the matter for him.

If there is a basis for disbelieving the son, there is a further basis for disbelieving the mother. If the son knew of the probable consequences, there is reason to believe that his mother knew of them also, in the absence of a showing of a reason for non-disclosure by the son to the mother or of his inability to communicate with her.

■ In addition, the statements in the affidavits of the defendants concerning their lack of realization that a default judgment could be taken against them do not have to be taken at face value just because they are uncontradicted. Two important factors exist in determining whether a fact finder is permitted to disbelieve the uncontradicted testimony of a witness.

They are: 1) the availability of evidence to contradict the witness's statement; and 2) the likelihood that the witness's interest in the litigation may tempt him to testify falsely. *Grubb v. Boston Old Colony Ins.*, 257 Or 208, 212, 477 P2d 901 (1970); *Schmitz v. Yant*, 242 Or 308, 317-18, 409 P2d 346 (1965); *Rickard v. Ellis*, 230 Or 46, 51-52, 368 P2d 396 (1962).

It is obvious that the statements in the affidavits of defendants to the effect that they had no mental awareness of the necessity to do something concerning the summons and complaint which was served upon them fall within the kind of testimony that a court may disbelieve even in the absence of testimony to the contrary.

There is no basis for finding that the trial judge abused the discretion afforded him by the statute.

The judgment of the trial court is affirmed and the trial court is directed to modify the judgment so that it is in conformance with the prayer of plaintiff's complaint.