Argued November 4, affirmed November 29, 1974

FLEETWOOD INVESTMENT CO., INC.,
*Respondent, v.* THOMPSON, *Appellant.*

528 P2d 518

*Ernest Lundeen,* Eugene, argued the cause and filed the brief for appellant.

*Keith Rodman,* Eugene, argued the cause and filed the brief for respondent.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON, and SLOPER, Justices.

TONGUE, J.

This is an appeal from an order denying defendant's motion to set aside a default judgment.

It appears from the record that on February 7, 1974, defendant was personally served with a summons and complaint seeking a judgment against him in the sum of $1,081.03, and that on February 14 he was personally served with a summons and amended complaint seeking a judgment for $1,762.58. No appearance was filed by or on behalf of defendant and on April 2, 1974, a default judgment was entered. On April 11, 1974, defendant was served with an order for appearance for examination as a judgment debtor and on April 30 he appeared with his attorney for that purpose.

On May 6, 1974, defendant filed a motion to set aside the default judgment, supported by an affidavit stating, among other things, that defendant was the operator of three shoe repair shops in Eugene; that he had an eighth grade education; that legal papers were confusing to him and that when the summons and *amended* complaint were served upon him he intended to take "these papers" to "my attorney," but never did so; that his reason for not doing so was that his "entire attention was directed" at that time to the moving of the stock and machinery from his original shop to his two other shops, including the new shop in the Valley River Center; that "these

papers" were served upon him at that new shop, where they "became lost" and he then "completely forgot about them"; that he was working approximately 12 hours per day "at this time" and was also involved in finding a "good shoe repair man" for his other shop, in selling his home and in locating a new home.

It does not appear from the record that defendant appeared either personally or through his attorney at the hearing on his motion to set aside the default judgment. On the contrary, it appears from a journal entry in the trial court file that neither party appeared when the motion "came on for hearing" on May 20, 1974, and that "the court took said motions on the record." It also appears from that file that an order was entered on May 21 denying the motion, after reciting that the motion had come on for hearing on May 20, 1974, "and the court having taken the said motion on the record."

Defendant contends that the entry of the order denying his motion to set aside the default judgment was "prejudicial error" because his "failure to act" when the "papers" were served upon him "resulted from his mistake, inadvertence, surprise and excusable neglect" and that his neglect was excusable under the circumstances "as related in his affidavit."

It will be noted, however, that the affidavit undertakes only to explain defendant's failure to act when the summons and *amended* complaint were served upon him, including the statement that "those papers became lost." The affidavit makes no attempt to explain why he did not act when the summons and *original* complaint were served upon him and does not state that they ever "became lost." On this appeal defendant says only that upon the filing of the amended

complaint the original complaint "passed out of the case."

Moreover, it would appear from the record, as previously noted, that when the motion "came on for hearing" neither defendant nor his attorney appeared so as to make it possible for the trial judge to inquire about that or any other questions that he may have had in deciding whether defendant's negligence was "excusable."

■ It is well established that the determination of whether or not a defendant has made a sufficient showing to establish that his neglect was "excusable" for the purposes of a motion to set aside a default judgment is a matter to be decided by the trial court in the sound exercise of its discretion, which will not be reversed on appeal in the absence of facts from which it appears that there was a "manifest abuse" of such discretion. See *Williamson v. Allen*, 244 Or 55, 59, 415 P2d 733 (1966); *Coleman v. Meyer*, 261 Or 129, 134, 493 P2d 48 (1972); and *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 606, 510 P2d 845 (1973).

Indeed, ORS 18.160 expressly provides that "the court may, in its discretion" set aside default judgments taken against a defendant "through his mistake, inadvertence, surprise or excusable neglect."

■ Under the facts and circumstances of this case we cannot say that there was an abuse of discretion by the trial judge. We therefore must affirm the order denying defendant's motion.