Argued April 2, affirmed April 17, 1975

BECKER, *Appellant, v.* BECKER, *Respondent.*

533 P2d 1367

*John R. Faust, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Donald W. McEwen, and Hardy, Buttler, McEwen, Weiss & Newman, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Gino G. Pieretti, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

PER CURIAM.

The sole issue in this case is whether the trial court abused its discretion in denying plaintiff's motion to set aside a decree on the grounds of mistake or excusable neglect under ORS 18.160.[1] The plaintiff herein secured a default divorce against her husband, the defendant, on August 3, 1970. During the hearing on the default divorce plaintiff testified that the parties had settled all their property rights; however, the property settlement was not reduced to writing nor was it incorporated into the divorce decree.

Pursuant to the settlement, the defendant paid his former wife $24,580 in support during the years 1970, 1971 and 1972. In 1972 plaintiff filed this suit in equity requesting an accounting from the defendant and a division of the property. Defendant's answer

---

[1] ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

alleged the property settlement, his payments, and requested a resolution of the property rights and alimony in accordance with the settlement.

Plaintiff apparently decided she did not wish to pursue her suit, but the defendant desired to proceed in order to secure an adjudication of the property settlement as he was having some tax problems with the state Department of Revenue and with the Internal Revenue Service because of his deductions of the alimony and support payments which were not supported by a written decree or agreement. Trial was set for September 13, 1973. Defendant appeared with his counsel, but neither the plaintiff nor her counsel appeared for trial. After hearing testimony the trial court entered a decree adjudicating the property rights of the parties. Approximately two months thereafter plaintiff moved for an order setting aside the decree on the grounds of mistake, inadvertence, surprise and excusable neglect. The motion was denied and plaintiff appeals.

██ This court has said on many occasions that a motion to vacate a judgment or decree is addressed to the sound discretion of the trial court. *Day v. Day,* 226 Or 499, 359 P2d 538 (1961); *Jaeger v. Jaeger,* 224 Or 281, 356 P2d 93 (1960). The law is well established that this court will not reverse the trial court in its refusal to set aside a decree in an absence of a clear showing of a manifest abuse of discretion. *Fleetwood Investment v. Thompson,* 270 Or 584, 528 P2d 518 (1974); *Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 510 P2d 845 (1973); *Peake v. Peake,* 242 Or 386, 408 P2d 206 (1965).

█ In the instant case it is clear that the trial court did not abuse its discretion in refusing to set aside the decree. Prior to the trial on September 13, 1973, defendant's counsel advised plaintiff's counsel that de-

spite the plaintiff's desire to dismiss her suit, defendant desired to proceed in order to secure an adjudication of the alimony and property rights. Before the trial started the court requested defendant's counsel to telephone plaintiff's counsel and advise him that the defendant was prepared to proceed. Plaintiff's counsel declared that he would be in his office if the court wanted to speak with him. No request was made by plaintiff's counsel for a continuance nor did he attempt to have anyone else appear at the time of the trial. Under these circumstances we cannot say the trial court abused its discretion in refusing to set aside the decree.

Affirmed.