Argued November 17, 1975, affirmed January 19, opinion modified
January 30, 1976. (See 24 Or App 233.) Reconsideration denied on original
opinion February 25, on modified opinion March 17, petition
for review allowed April 20, 1976

WASHINGTON COUNTY, *Respondent,*

*v.*

CLARK, *Appellant.*

(No. 34-143, CA 4191)

544 P2d 1070

*William Bradley Duncan,* Hillsboro, argued the cause and filed the brief for appellant.

*Gregory S. Hathaway,* Assistant County Counsel, Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

Plaintiff County brought this mandatory injunction proceeding to require defendant to remove from certain real property owned by defendant a house which was constructed thereon. The house was built by defendant without first obtaining a building permit. The circuit court entered a default order and thereafter a decree against defendant requiring the removal of the house and its appurtenances within 90 days. In this appeal defendant contends that the entry of the default order was improper and that his motion to vacate that order and the decree based thereon should have been allowed.

The pertinent facts with reference to the default order are as follows: After suit was brought and service had upon the defendant, the County concedes that counsel for the County and for the defendant entered into an oral agreement, later confirmed in writing by letter from defendant's attorney, which stated:

"* * * * *

"It is my understanding that you will not proceed to take an order of default against my client in the civil matter without first giving prior written notice to me and a reasonable extension of time thereafter within which to plead.

"* * * * *."

Thereafter, the County was advised by defendant's attorney that he no longer represented defendant. About two weeks after being so advised, the County, without further notice of any kind to the defendant, on March 29, 1974, upon motion to the court obtained a default order against him. A few days thereafter defendant secured new counsel and subsequently filed a motion to set aside the default and with it tendered a proposed answer consisting of a general denial and an affirmative answer setting forth allegations to the effect that the County was estopped from denying the issuance of a building permit. Defendant also asserted a counterclaim against the County.

[ 75 ]

The issue is whether, under the circumstances, the circuit court acted within its discretion in denying defendant's motion to set aside a default order and subsequent judgment against the defendant. The resolution of this issue is in two parts.

█ In view of the fact that the default order was taken without the promised notice to defendant, did the court abuse its discretion in denying the motion to vacate that order?

ORS 18.160 provides that:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his * * * surprise * * *."

> "A judgment taken against a party contrary to an understanding or agreement with his adversary, is taken against him by surprise within the meaning of the statute (*Thompson v. Connell,* [31 Or 231, 48 P 467, 65 Am St R 818 (1897)]; *Durham v. Commercial Nat. Bank,* 45 Or. 385: 77 Pac. 902), and upon a showing to that effect, seasonably made, should be opened, and the defaulted party permitted to defend, if he has a meritorious defense." *Voorhees v. Geiser-Hendryx Inv. Co.,* 52 Or 602, 607, 98 P 324 (1908).

The County contends that since the agreement granting the extension of time and agreeing to give prior written notice and reasonable extension of time thereafter within which to plead was made between the County and the defendant's *attorney,* it was not for the defendant's benefit and was binding only so long as that attorney continued to represent defendant. That such an agreement inures to the benefit of the client, not the attorney, is beyond refutation. *See* Annotation, 69 ALR 1336 (1930). It was therefore incumbent upon the County, prior to applying for a default, to comply with its agreement and give defendant the written notice pursuant to the terms of the agreement. Denial by the court of the motion to vacate

the default was a manifest abuse of discretion in view of the County's conceded failure to give such notice.[1]

■ That does not end the matter. The remaining issue is whether defendant in his application to set aside the default judgment complied with the judicial conditions which have been applied to ORS 18.160.

A motion to vacate a valid judgment must be accompanied by an answer to the merits.

> "It is settled law in this state that a motion to open up a default and set aside a judgment should be accompanied with a copy of the verified answer which the party desires permission to file so that the court may judge whether there be a meritorious defense, for defaults should not be opened up unless the defendant [has] a meritorious defense. [Citations omitted.]" *Johnston v. Braymill Co.,* 142 Or 95, 96, 19 P2d 93 (1933).

The motion in this case was accompanied by an answer consisting of a general denial, an affirmative defense and a counterclaim. The County contends that the answer does not contain a meritorious defense.

Defendant's affirmative defense purports in conclusory terms to assert an estoppel. The affirmative defense falls far short of meeting the requirements of pleading the elements of an estoppel which are set out in *Clackamas County v. Emmert,* 14 Or App 493, 513

---

[1] Our Supreme Court summarized the pertinent law in Coleman v. Meyer, 261 Or 129, 134, 493 P2d 48 (1972), as follows:

"A motion to vacate an order of default and judgment under the provisions of ORS 18.160 is addressed to the sound legal discretion of the trial judge. *Day v. Day,* 226 Or 499, 500, 359 P2d 538 (1961); *Jaeger v. Jaeger,* 224 Or 281, 286, 356 P2d 93 (1960). The action of a trial court in refusing to set aside a judgment or a decree will not be overruled except for a manifest abuse of discretion. *Williamson v. Allen,* 244 Or 55, 59, 415 P2d 733 (1966); *Peake v. Peake,* 242 Or 386, 389-90, 408 P2d 206 (1965). However, the section should be construed to the end that every defendant should have an opportunity to have his day in court, *Snyder v. Consolidated Highway Co.,* 157 Or 479, 484, 72 P2d 932 (1937), and the court's discretion is controlled by fixed legal principles and must not be exercised arbitrarily, but, rather, it should be exercised to conform with the spirit of the statute and not to defeat the ends of substantial justice. *Peters v. Dietrich,* 145 Or 589, 594, 27 P2d 1015 (1934); *Carmichael v. Carmichael,* 101 Or 172, 175, 199 P 385 (1921)."

P2d 532, Sup Ct *review denied* (1973).[2] The answer alleges and thus concedes that no building permit was issued to defendant, thus negativing the general denial defense. Defendant's counterclaim is merely a restatement of his contention that the County has refused to issue him a building permit and does not state a defense. We thus hold that defendant failed to meet the requirement that his application for relief from default be accompanied with an answer which sets forth a meritorious defense.

Affirmed.

---

[2] It is doubtful whether an estoppel would lie against the County in a circumstance such as presented here. Clackamas County v. Emmert, 14 Or App 493, 513 P2d 532, Sup Ct *review denied* (1973).