Argued November 20, decided November 25, 1913.

## PILSON v. TIP–TOP AUTO CO.*

(136 Pac. 642.)

**Livery-stable Keepers—Storage—Place.**

1. Where a contract for the storage of an automobile provided that it should be kept in a city garage, but the bailee removed it to a country garage, without the owner's consent, and it was there damaged by the collapse of the roof, the warehouseman would be liable for the damage sustained, independent of the question of negligence.

**Livery-stable Keepers—Storage of Automobile—Collapse of Building —Pleading—Construction.**

2. In an action against a warehouseman for injuries to plaintiff's automobile by the collapse of the roof of the garage in which it was stored, plaintiff's complaint construed, and *held* to state a cause of action for damages to the automobile by defendant's negligence in permitting the roof of the garage to remain overloaded with snow and not for conversion of the property.

[As to liability of garage-keeper for safety of automobile intrusted to him, see note in Ann. Cas. 1913E, 831.]

———

*On the question of the duty and liability of garage-keeper to owner of cars, see note in 45 L. R. A. (N. S.) 1205; and as to liability of livery-stable keeper for loss of property of patron, see note in 3 L. R. A. (N. S.) 348.

For presumption and burden of proof as to care or negligence in respect to subject of bailment, generally, see note in 43 L. R. A. (N. S.) 1168.        REPORTER.

**Bailment—Bailee for Hire—Liability—Limitation—Negligence.**

3. A bailee for hire cannot by contract so limit his responsibility to the bailor as not to be liable for his own negligence or that of his agents and servants.

**Bailment—Injury to Property—"Negligence" of Bailee.**

4. A charge defining negligence of a bailee as failure to exercise that care in protecting plaintiff's property that an ordinarily careful and prudent man would have exercised under the circumstances was correct.

**Livery-stable Keepers—Injury to Vehicle—Negligence.**

5. Where plaintiff's automobile, while stored in defendant's garage, was injured by the fall of the roof due to its being overloaded with snow, an instruction that, in determining whether defendant had exercised ordinary prudence in caring for the machine, the jury should consider the snowfall, the construction of the roof, and the fact that the attention of defendant's agent was called to the amount of snow on the roof was proper.

**Livery-stable Keepers—Injury to Stored Property—Negligence—Instructions.**

6. Where plaintiff's automobile was injured by the collapse of the roof of the garage in which it was stored, an instruction that, though the jury should find there was a latent defect in the construction of the garage which men of ordinary prudence would not have discovered, plaintiff was still entitled to recover if defendant was negligent in permitting snow to remain on the roof, and such negligence proximately caused the damage, was correct.

**Trial—Request to Charge—Instructions Given.**

7. It is not error to refuse requests to charge, the substance of which is contained in instructions given.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 1.    Statement by MR. JUSTICE RAMSEY.

This is an action by E. H. Pilson against the Tip-Top Auto Company to recover judgment for injuries to an automobile caused by defendant's alleged negligence as bailee.    There was a judgment for plaintiff for $720.80, and defendant appeals.            AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George R. Wilbur.*

For respondent there was a brief over the names of *Mr. Jesse Stearns* and *Mr. A. J. Derby,* with an oral argument by *Mr. Derby.*

67 Or.—34

Mr. Justice Ramsey delivered the opinion of the court.

On or about the 1st day of October, 1911, the defendant was engaged in the business of storing and taking care of automobiles as a warehouseman for hire at Hood River, Oregon, and it carried on its business at two garages. One of them was situate at Columbia and Seventh Streets in the city of Hood River, and the other was located on the property of Charles P. McCan, about a mile southwest of said city. Both of these garages were owned and conducted by the defendant for hire.

On October 1, 1911, the plaintiff owned a Croxton-Keeton automobile. He was going east, and he made a contract with the defendant to store and keep said automobile for him for hire while he should be gone.

The complaint alleges that the plaintiff "delivered said automobile to the defendant and the defendant received the same for storage in its garage, located at Seventh and Columbia Streets in the City of Hood River, Oregon, and upon the express agreement that said automobile should be stored and kept therein, and that said automobile so delivered by the plaintiff to the defendant, as aforesaid, was at the time of said delivery and at all times thereafter, up and until the time of the damaging thereof through defendant's negligence, hereinafter referred to, of the value of $1,500; that said automobile was, upon said delivery by plaintiff to defendant, to be by the defendant safely and securely kept for the plaintiff in its said warehouse (garage) at Columbia and Seventh Streets and delivered to plaintiff, on demand, for compensation for such keeping of $3 per month, to be paid by plaintiff to defendant in the regular course of business, upon demand, by defendant therefor."

The complaint further alleges that the plaintiff has duly performed all of the conditions of said contract on his part; and that the plaintiff upon the 18th day of March, 1912, paid to the defendant the sum of $11.20 and demanded of the defendant the return of said chattels, said last-named sum being the amount due to and charged by the defendant for such safekeeping up to the date of said demand, but the defendant then and ever since has neglected and refused to return said chattels, or any part thereof, to plaintiff, except in the damaged condition hereinafter set forth in this complaint.

The said complaint alleged also that the defendant, its servants and agents, carelessly and negligently, and without the consent or authority of the plaintiff, removed said automobile from its storehouse and garage at Seventh and Columbia Streets to its storehouse and garage located about one mile southwest of the City of Hood River, on the property of one Charles P. McCan, such negligent removal having been done by defendant, as aforesaid, shortly after the 1st day of October, 1911, and stored said automobile in said last-named storehouse and garage without the consent of the plaintiff; that, while said automobile was so stored in said last-named garage by defendant, the defendant, its servants and agents, carelessly and negligently permitted snow to accumulate, from day to day, for several days prior to the 12th day of January, 1912, upon the roof of said last-named garage where said automobile was stored, so that the roof of said garage and storehouse became so overloaded with said snow that said roof, by reason of said overloading thereon, by reason of said accumulation of snow and rain negligently permitted to accumulate on said roof, as aforesaid, on the 12th day of January, 1912, gave away and caved in, wrecking said building and falling upon the automobile of plaintiff stored therein, breaking the

spring and bottom thereof, etc., so as to make said automobile of practically no value to the plaintiff or anyone else; that by reason of the negligence of the defendant, its servants and agents, in removing said machine from its storehouse (garage) at Seventh and Columbia Streets to its storehouse (garage) about one mile southwest of the City of Hood River, without the consent of the plaintiff, and in permitting said overload of snow and rain to accumulate on the roof of said last-named garage, while plaintiff's machine was stored therein, and neglecting to remove the same, although the defendant and its agents were informed and well knew that the roof of said last-named garage was in a dangerous condition and likely to fall at any time, by reason of the excess weight thereon, said automobile was injured as aforesaid, to the very great damage of plaintiff in the sum of $1,000.

The answer denies most of the allegations of the complaint and admits some parts thereof. It admits that said automobile was removed from one garage to the other, but denies that it was done without the consent of the plaintiff or that it was negligently done, and alleges that it was done in accordance with the agreement with the plaintiff. The answer admits that, while the automobile was in the garage to which it was removed, said garage collapsed, but denies that the collapse was caused by the weight of snow and rain upon the roof thereof, and alleges that said collapse was caused by reason of said building's having been defectively planned and constructed, and that the defects therein were latent and unknown to the defendant and could not have been discovered by ordinary diligence.

The defendant alleges that, when said automobile was left with it by plaintiff, it was agreed by the plaintiff and the defendant that it should be kept at said garage on the McCan farm, and that the defendant

assumed no liability whatever for its safety, preservation or redelivery, save only as against its own willful and intentional misconduct.

The answer admits that the defendant received said automobile about October 1, 1911, and kept it at its garage in the city until about November 29, 1911, and then removed it to the other garage. The defendant admits also that the automobile was damaged by the collapse of the garage to the extent of $120.

The plaintiff claims that the car was to have been kept in the garage in the city. The defendant denies this and asserts that it was agreed that it was to be kept in the garage that collapsed. The answer admits that it was kept in the garage in the city more than six weeks and then removed to the other garage.

1. If it was the contract that the automobile should be kept at the garage in the city, and it was removed to the other garage outside the city without the consent of the plaintiff, and there damaged by the falling in of the roof of the garage, the defendant would be liable for such damages without reference to the question of negligence, as such acts on the part of the defendant would be wrongful and a violation of such contract of bailment: *Kennedy* v. *Portman*, 97 Mo. App. 253 (70 S. W. 1099); *Hudson* v. *Columbia T. Co.*, 137 Mich. 255 (100 N. W. 402, 109 Am. St. Rep. 679); *McCurdy* v. *W. F. & Co.*, 94 Minn. 326 (102 N. W. 873, 3 Ann. Cas. 468). However, in this case it is doubtful whether the contract of bailment provided that the automobile should be kept in the garage in the city. It seems that the evidence on that point was conflicting.

2. But it appears clearly from the complaint that the plaintiff did not base his right of action upon the alleged wrongful act of the defendant in transferring the automobile from the garage in the city to the one outside of the city and the defendant's failure to deliver it in good condition to the plaintiff on his demand.

While the complaint does allege that the automobile was to have been kept at the garage in the city, and that it was negligently, and without his consent, removed to the garage outside the city, the gist of the complaint is the negligence of the defendant in permitting wet snow to accumulate on the roof of the garage outside the city to such an extent that its weight caused the roof of the garage to give way and fall in upon the automobile, damaging it as stated in the complaint. The gravamen of the complaint is not the removal of the automobile from one garage to the other, contrary to the contract, but the negligence of the defendant in permitting snow to accumulate on the roof of the garage so that it fell in, crushing the car and doing the damage complained of. The complaint does not allege a conversion of the property but damages to it by the negligence of the defendant.

Our code (Section 85, L. O. L.) provides that, in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties litigant, and Section 97, L. O. L., declares that no variance between the allegations in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits.

The real issues in the case were whether the defendant was guilty of negligence in permitting the snow to accumulate on the roof of the garage to such an extent as to cause the roof to fall on the automobile and crush it, or whether a latent defect in the plan or construction of the building was the cause of the injury to the car, and as to the amount of damages that should be found, if any.

The defendant excepted to the giving to the jury of the following charges:

"(1) If you find that the contract was as claimed by defendant, viz., that the car was to be kept in the country garage, and at the owner's risk, the plaintiff is still entitled to recover if defendant was guilty of negligence.

"(2) By negligence is meant the failure of the defendant to exercise that care in protecting plaintiff's property that an ordinarily careful and prudent man would have exercised under the circumstances.

"(3) In deciding whether defendant exercised ordinary prudence, you must take into account the snowfall, the construction of the roof, and the fact that the attention of McCan, who was acting for defendant, was called to the amount of snow on the roof.

"(4) In case you find there was a latent defect in the construction, a defect which a man of ordinary observation would not have discovered in an examination of the building, still the plaintiff is entitled to recover if you find that the defendant was negligent in permitting the snow to remain on the roof, and that such negligence proximately caused the damage."

3. It is the better rule that a bailee for hire cannot by contract so limit his responsibility to the bailor as not to be liable for his own negligence or the negligence of his agents and servants: *Railroad Co.* v. *Lockwood,* 17 Wall. (84 U. S.) 357 (21 L. Ed. 627); *Louisville, N. A. & C. R. Co.* v. *Faylor,* 126 Ind. 126 (25 N. E. 869); *Pittsburg etc. R. Co.* v. *Higgs,* 165 Ind. 694 (76 N. E. 299, 4 L. R. A. (N. S.) 1081); *Camp* v. *H. & N. Y. S. Co.,* 43 Conn. 333; *Davis* v. *Chicago, M. & S. P. R. Co.,* 93 Wis. 470 (67 N. W. 16, 1132, 57 Am. St. Rep. 935, 33 L. R. A. 654); *Lancaster Co. Nat. Bank* v. *Smith,* 62 Pa. 47; *Memphis & C. R. R. Co.* v. *Jones,* 2 Head (Tenn.), 517; 3 Am. & Eng. Ency. of Law (2 ed.), 750.

The first charge excepted to by the defendant stated to the jury that, if the contract in this case was that the car was to be kept in the country garage at the owner's risk, the defendant was liable for damages if

he was guilty of negligence. We are unable to see any error in this instruction.

4. The second charge states that by negligence is meant the failure of the defendant to exercise that care in protecting the plaintiff's property that an ordinarily careful and prudent man would have exercised under the circumstances.

5. The third charge instructed the jury that, in determining whether the defendant had exercised ordinary prudence, they should take into account the snowfall, the construction of the roof, and the fact that the attention of McCan, who was acting for the defendant, was called to the amount of snow on the roof of the garage.

6. The fourth charge instructed the jury that in case they should find that there was a latent defect in the construction of the garage, a defect which a man of ordinary observation would not have discovered in an examination of the building, still the plaintiff was entitled to recover, if the jury should find that the defendant was negligent in permitting the snow to remain on the roof and that such negligence proximately caused the damages. The court did not err in giving said charges.

The court gave to the jury other proper instructions as to what the issues to be tried by them were; what degree of prudence the defendant was required to exercise in taking care of the automobile; as to the alleged latent defect in the plan and construction of the garage in which the automobile was when injured; in regard to the alleged accumulation of snow on the roof of the garage; as to the burden of proof being on the plaintiff to prove the negligence of the defendant by a "fair preponderance of the evidence," etc. We believe that the jury was properly instructed, and that the instructions were fair to the defendant and covered all questions that were to be passed on by the jury.

7. The court refused to give some charges requested by the defendant that stated the law correctly, but the charges that were given covered all the issues properly. Trial courts have the right to instruct the jury in their own language, and it is not error to refuse to give requested charges that state the law correctly, if the instructions given cover all the disputed questions that the jury is required to determine.

The defendant requested the court to give the following charge, which was refused: ''Before you can find a verdict for plaintiff in any event, you must believe from the evidence that the contract for storage provided for the car to be stored in defendant's city or Columbia Street garage; that this contract was not canceled and still existed at the time the damage occurred; that without plaintiff's consent the car was removed by defendant to its country garage, and, while therein stored, it was damaged because of defendant's negligence in not properly caring for its safety.''

The gist of the action being the defendant's negligence in permitting wet snow to accumulate upon the roof of the country garage to such an extent that it caused the roof to fall on the car, crushing it, it was immaterial whether the defendant had agreed to keep the car in the city garage or whether the plaintiff consented to its being stored in the country garage or not. The court properly refused to give said requested charge. We find no error in the proceedings of the court below.

The judgment of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.