Argued and submitted September 19,
reversed and remanded December 15, 1980

PAULSEN,
*Appellant,*
*v.*
CONTINENTAL PORSCHE AUDI, INC.,
*Respondent.*

(No. 192739, CA 17023)

620 P2d 1384

Tim J. Helfrich, Eugene, argued the cause for appellant. With him on the brief was Sahlstrom Law Offices, Eugene.

Carlton W. Hodges, Portland, argued the cause for respondent. With him on the brief was Bernard, Hurley, Crawford, Hodges & Kneeland, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE.*

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE

The plaintiff has appealed from a summary judgment entered in favor of the defendant. We reverse and remand.

The undisputed facts show that the plaintiff on August 15, 1978, delivered his automobile to the defendant to have it repaired. The defendant itemized the repairs to be made on a printed form repair order. The following disclaimer was contained in the printed portion of the order:

"NOT RESPONSIBLE FOR LOSS OR DAMAGE TO CARS OR ARTICLES LEFT IN CARS IN CASE OF FIRE, THEFT OR ANY OTHER CAUSE BEYOND OUR CONTROL.

X _____

CUSTOMER ACKNOWLEDGEMENT"

The plaintiff did not sign the disclaimer on the repair order of August 15th. However, the plaintiff was aware of the disclaimer and had signed it on previous orders. The repairs were completed on Friday, August 18th. The plaintiff did not pick up the vehicle on that date and it remained in the possession of the defendant. During the night of August 19-20 some unknown person broke into plaintiff's automobile and stole several items of plaintiff's personal property.

On June 25, 1979, plaintiff filed the complaint in this case seeking the sum of $990 damages "by reason of defendant's failure to exercise due care of plaintiff's property." On September 4, 1979, a default judgment was entered against the defendant. On September 17, 1979, the defendant moved pursuant to ORS 18.160 to set aside the default. The court allowed the motion. The defendant's second amended answer alleged as affirmative defenses (1) that the damage was a result of plaintiff's contributory negligence "in failing to take reasonable care to arrange for the pickup and return of his vehicle," and (2) that the plaintiff by agreement had "released defendant from any responsibility for loss or damage to his vehicle or articles left in the vehicle in case of fire, theft, or any other cause." The plaintiff's motion to strike the affirmative defenses was denied by the trial court.

The defendant moved for a summary judgment on the ground that the disclaimer in the repair order relieved it of any liability for the damage or loss of the plaintiff's property. The plaintiff moved for partial summary judgment against the defendant "on the question of Defendant's second affirmative defense." The trial court entered summary judgment for the defendant.

The plaintiff has appealed to this court claiming that the trial court erred in (1) setting aside the default judgment, (2) denying motion to strike defendant's affirmative defenses, and (3) granting defendant's motion for summary judgment.

### Setting aside the default judgment.

ORS 18.160 provides as follows:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

A motion to vacate a decree pursuant to ORS 18.160 is addressed to the sound discretion of the trial court and its ruling will not be reversed except for manifest abuse. *Day v. Day,* 226 Or 499, 359 P2d 538 (1961). The burden to show an abuse of discretion is upon the plaintiff. *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1977). The statute is to be liberally construed to give a defaulted party its day in court. *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961). The court's discretion should be exercised to conform with the spirit of the statute and not to defeat the ends of substantial justice. *Coleman v. Meyer,* 261 Or 129, 493 P2d 48 (1972). The prompt filing of a motion to set aside the default plus the tender of a meritorious answer are factors in favor of the defaulted defendant. *Snyder v. Consolidated Highway Co.,* 157 Or 479, 484, 72 P2d 932 (1937).

In *King v. Mitchell,* 188 Or 434, 440-41, 214 P2d 993, 216 P2d 269 (1950), the court held:

"The appellate court is less apt to interfere with the trial court's discretion when the judgment was set aside than when it was not, for in the former case the cause is

reopened and justice will yet be done on the merits between the parties. *Hall v. McConvey,* 152 Mo. App. 1, 132 S. W. 618. This rule is stated as follows in 1 Freeman on Judgments (5th ed.) 579, § 291:

" 'An appellate court, owing to the remedial character of the statutes and the policy of applying them liberally to permit an opportunity to present a substantial defense where that right would otherwise be lost, listens somewhat more readily to an appeal from an order denying relief than to one granting relief. While it will usually sustain the action of the court below, whether for or against the motion—even though upon the same state of facts it would have sustained an opposite conclusion—it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment has been allowed to stand and it appears that a substantial defense could be made. This explains what might otherwise seem to be a conflict in some of the decisions.' "

■ The defendant corporation's motion to set aside the default was filed 13 days after the default judgment was entered. The affidavit of the president of the defendant corporation was attached to the motion. The president swore that he had been generally aware of the plaintiff's claim for nearly one year and that the plaintiff had been "dealing" with the defendant's insurance company. Also attached to the defendant's motion was a proposed answer in the form of a general denial. *Bella v. Aurora Air, Inc., supra,* held that a general denial may be a meritorious defense.

We hold that the trial court did not abuse its discretion in setting aside the default judgment.

*Denial of motion to strike affirmative defenses.*

■ The motion to strike the defendant's affirmative defenses was filed under former ORS 16.100 on the grounds that the defenses were irrelevant.

The defendant's first affirmative defense alleged:

"The loss of which plaintiff complains was proximately caused by plaintiff's negligence in failing to take reasonable care to arrange for the pick up and return of his vehicle."

The plaintiff argues that the motion to strike the first affirmative defense should have been allowed because

it "alleges no facts whatsoever to show what danger the plaintiff should reasonably have anticipated and why it would be unreasonable for him to fail to arrange to pick up his car." The plaintiff's argument is answered by *Wood v. Miller,* 158 Or 444, 449, 76 P2d 963 (1938):

> "* * * It is a well-settled rule that, where a complaint contains general allegations of negligence and carelessness, it is not essential that the details be set forth in the complaint. * * *"[1]

The defendant's second affirmative defense alleged:

> "Plaintiff, by agreement when he delivered his vehicle to defendant for service work, released defendant from any responsibility for loss or damage to his vehicle or articles left in the vehicle in case of fire, theft or any other cause."

The plaintiff argues that the motion to strike the second affirmative defense should have been allowed because (1) a bailee for hire cannot by contract limit his responsibility for his own negligence, and (2) the facts alleged do not establish an enforceable contract excusing the defendant from liability for its negligence.

The plaintiff's motion presumes that the defendant was a bailee for hire. The plaintiff's motion was decided in the pleading stage. The only pleadings before the court were the complaint, the second amended answer and the plaintiff's motion to strike. There is nothing in the pleadings to support the plaintiff's conclusion that the defendant was a bailee for hire. It may or may not be necessary to decide that question on the trial of the case.[2]

In the absence of a motion to make more definite and certain, the last phrase in the second affirmative defense "or any other cause" would permit proof of a

---

[1] It may have been that the first affirmative defense was subject to a motion to make more definite and certain. *See Mezyk v. National Repossessions,* 241 Or 333, 338, 405 P2d 840 (1965).

[2] The plaintiff relies upon *Pilson v. Tip-Top Auto Co.,* 67 Or 528, 136 P 642 (1913), in support of the statement that a bailee for hire cannot by contract limit his responsibility for negligence. The defendant contends that the rule in the *Pilson* case has been modified by Restatement (Second) of Torts, §§ 574, 575 (1965). *See Real Good Food v. First National Bank,* 276 Or 1057, 557 P2d 654 (1976). We find it unnecessary to decide this question at this time.

contract excusing the defendant from liability for its negligence.

The trial court did not err in denying the plaintiff's motion to strike the defendant's affirmative defenses.

*Granting defendant's motion for summary judgment.*

The trial court entered the summary judgment for the defendant on the grounds that the plaintiff

> "* * * knowingly and voluntarily entered the agreement exculpating defendant for the loss complained of by plaintiff, and that there is no genuine issue as to any other material fact necessary to the resolution of the within matter and that the defendant is entitled to a judgment as a matter of law * * *."

The record on an appeal from a summary judgment is reviewed in the light most favorable to the party opposing the motion. *Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978). The court must draw all inferences from the affidavits and depositions against the moving party. *Uihlein v. Albertson's Inc.,* 282 Or 631, 580 P2d 1014 (1978). In a summary judgment the nonmoving party has no duty to offer evidence to the contrary until the moving party has offered evidence entitling him to a directed verdict. *Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977). Before the trial court can enter a summary judgment it is required to find that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Wilford v. Crater Lake Motors, Inc.,* 277 Or 709, 561 P2d 1027 (1977).

Attached to defendant's lawyer's affidavit in support of the motion for summary judgment were portions of the plaintiff's deposition and copies of the August 9th and August 15th repair orders for the work on the plaintiff's car. The plaintiff's lawyer's counter-affidavit had attached to it a copy of the repair order of August 18th and additional parts of the plaintiff's deposition.[3]

---

[3] We have only considered the plaintiff's deposition and the repair orders. The defendant's lawyer's affidavit in support of the motion did not recite any facts. The plaintiff's lawyer's affidavit recited facts based upon hearsay and those allegations were not considered. ORCP 47D.

The plaintiff did not sign the disclaimer of the defendant's liability on the repair orders of August 15th and August 18th. In his deposition the plaintiff testified that he had been in the defendant's place of business on approximately 20 previous occasions. He further testified that he knew of the disclaimer and had signed it on previous repair orders including an order on August 9th. The defendant argues that an inference can be drawn from the plaintiff's testimony that the "work performed by defendant on the vehicle between August 9th and August 18th was essentially a single repair request * * *." The plaintiff argues that because he picked up the vehicle on the evening of August 9th and kept possession of it until the morning of August 15th there were separate requests for repairs. The plaintiff also argues that the repair orders of August 9th and August 15th provide for different repairs.

■ Although the facts are undisputed, reasonable minds could draw different inferences from those facts and therefore we cannot say as a matter of law that the plaintiff "knowingly and voluntarily entered the agreement exculpating defendant for the loss complained of by plaintiff." ORCP 47D. *Kraxberger v. Rogers,* 231 Or 440, 373 P2d 647 (1962).

The trial court committed error in granting the summary judgment.

Reversed and remanded.