Argued and submitted February 13, reversed and remanded May 17, 2017

**U.S. BANK NATIONAL ASSOCIATION,**
as Successor Trustee to Bank of America, N.A.,
as Successor to LaSalle Bank, N.A.
as Trustee for the Holders of Merrill Lynch
Mortgage Investors Trust, Mortgage Loan
Asset-Backed Certificates, Series 2006-FF1,
*Plaintiff-Respondent,*

*v.*

**John S. VETTRUS,**
*Defendant-Appellant,*
*and*

**FIRST FRANKLIN FINANCIAL CORP.,**
et al.,
*Defendants.*

Marion County Circuit Court
14C20727; A161432

397 P3d 68

Jeffrey A. Long argued the cause and filed the briefs for appellant.

Adam G. Hughes argued the cause for respondent. With him on the brief was Anglin Flewelling Rassmussen Campbell & Trytten LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## SHORR, J.

In this appeal from a general judgment of judicial foreclosure, defendant Vettrus assigns error to the trial court's grant of summary judgment in favor of plaintiff, U.S. Bank. Defendant argues that plaintiff was not entitled to summary judgment because it had not shown that it had complied with all conditions precedent to foreclosure. Specifically, defendant contends that, to meet its burden for summary judgment, plaintiff was required to present evidence that it had sent defendant a written notice of foreclosure and acceleration of his debt that complied with the terms of the deed of trust. Defendant argues that plaintiff did not submit sufficient evidence on that point and plaintiff was therefore not entitled to summary judgment. Plaintiff counters that the evidence it submitted was sufficient and, even if it were not, any error was harmless. We agree with defendant and reverse the trial court's grant of summary judgment.

On review of a grant of a motion for summary judgment, the appellate court must "view the evidence and all reasonable inferences that may be drawn from the evidence" in favor of the adverse party. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We state the facts relevant to the legal issues presented in this case, which are few and largely undisputed, in accordance with that standard.

In 2004, defendant borrowed $168,000 and executed a promissory note and trust deed securing the loan with the property at issue in this case. In October 2010, the loan servicer, Nationstar Mortgage, determined that defendant was in default on his loan. Plaintiff, which held the promissory note, initiated this action to foreclose on the encumbered property and moved for summary judgment. In its motion for summary judgment, plaintiff asserted that the loan was in default, that "the terms of the contract ha[d] been materially breached," that defendant had been "advised of the default under the Note and Deed of Trust and provided the opportunity to cure the default," and that defendant had been "informed that failure to cure the default within the time provided may result in the exercising of the option to accelerate the entire balance." Plaintiff attached to the

motion for summary judgment a declaration from Tina Braune, an employee of Nationstar Mortgage. In her declaration, Braune asserted, *inter alia*, that she was familiar with the servicing of defendant's loan and the servicing files, that defendant's payments were in default under the terms of the note and trust deed as of October 1, 2010, and that, as a result, Nationstar Mortgage had "exercised its option to accelerate all amounts due under the loan."

Defendant opposed plaintiff's motion, advancing several arguments as to why the trial court should not grant summary judgment in favor of plaintiff. As relevant to this appeal, defendant argued that "[s]ummary judgment should be denied because [plaintiff] has not established that it has performed all conditions precedent to enforcement of the security instrument." Specifically, defendant argued that the trust deed required plaintiff to provide defendant with a written notice of default and acceleration, and that such notice was "a condition precedent to commencement of an action for foreclosure." Defendant quoted two sections from the trust deed, Section 20 and Section 22, which describe the notice requirements. Because those sections are central to the issues in this case, we review them in detail.

Section 20 states, in part, that neither party to the agreement "may commence, join, or be joined to any judicial action" that "alleges that the other party has breached any provision" of that agreement until the party has notified the other of the alleged breach and "afforded the other party hereto a reasonable period after the giving of such notice to take corrective action."[1] Section 20 further states that notice provided in accordance with the requirements described later, in Section 22, "shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20."

Section 22 states, in part:

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify (a) the default; (b) the action

---

[1] The deed of trust provided that any required notices had to be provided in writing.

required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

(Boldface omitted.) Defendant argued that the requirements of sections 20 and 22 were conditions precedent to any suit to foreclose, and that plaintiff had "not offered evidence that any Lender ever sent the borrower a notice of default that complies with the specific language of [Section] 22 of the trust deed." Therefore, defendant argued, plaintiff's motion for summary judgment should be dismissed.

In a reply brief, plaintiff argued that the trial court should disregard defendant's notice argument because defendant had not actually denied that plaintiff had sent him the proper notice. Plaintiff asserted further that "Nationstar has sent [defendant] multiple letters complying with the requirements of [Section] 22 of the Deed of Trust, one of which is provided herewith to address any concern over the issue." Attached to the reply brief, plaintiff included a supplemental declaration from Braune which stated, "Nationstar sent multiple demand letters to [defendant] as contemplated by the Deed of Trust prior to commencing this litigation. A true and accurate copy of one such letter dated September 12, 2013, is attached hereto[.]" The attached letter, in its first paragraph, told defendant, "[Y]our mortgage loan payment is past due, and your property may be referred to foreclosure fourteen (14) days after the date of this letter." The letter went on to detail the amount defendant owed, various options and rights available to defendant, and other information, but did not inform defendant of his "right to reinstate after acceleration" or his "right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

At a hearing on plaintiff's motion, defendant argued to the trial court that plaintiff had not submitted sufficient

evidence entitling it to summary judgment, asserting that "there's at least a question of fact as to whether [proper notice was sent] in this case." Defendant pointed out that the letter attached to Braune's supplemental declaration gave defendant 14 days notice, while "under the trust deed, they're required to give them 30 days," and that "there's other language required which isn't in there." While reviewing the letter, the trial court asked, "Were there more notices than that sent out? But you only attached one though, right?" Plaintiff replied, "That's right, Your Honor. There were several other notices sent out, as indicated in the declaration by [Braune]." The trial court concluded, "Okay. That's sufficient for me." The trial court subsequently granted plaintiff's motion for summary judgment, declaring that plaintiff was "entitled to a judgment for the recovery of certain sums due under the Note, and that plaintiff [was] entitled to a judgment of foreclosure of its first priority Deed of Trust as against Defendant."

On appeal, defendant reiterates the argument that he made before the trial court. He contends that a written notice that complies with sections 20 and 22 of the trust deed is a condition precedent to acceleration and foreclosure and that by failing to submit evidence that it had complied with those notice requirements, plaintiff did not meet its burden of showing that it was entitled to summary judgment. Defendant argues that Braune's supplemental declaration and the attached letter were insufficient to meet that burden:

> "[T]he letter offered by plaintiff fails to satisfy its contractual obligations because it gave defendant only 14 days to respond and lacked the additional required language that was to advise the homeowner of his right to reinstate the loan after acceleration and the right to assert his defenses to any court action."

In response, plaintiff does not dispute that it had to provide proper written notice under sections 20 and 22 of the trust deed before it could initiate any action for foreclosure and acceleration of defendant's debt. Plaintiff also concedes that the demand letter attached to Braune's supplemental declaration did not include all of the notice information

required by Section 22. However, plaintiff insists that its pleadings and the more general evidence it submitted adequately asserted and supported its right to foreclosure in broad terms. Specifically, plaintiff argues that Braune's statement in the supplemental declaration that "Nationstar sent multiple demand letters to [defendant] as contemplated by the Deed of Trust" was sufficient.

> "While it is true that the letter that was attached to Ms. Braune's declaration is not the 30 day notice of acceleration letter specifically required by [Section] 22 of the trust deed, the letter that was provided was not provided in an attempt to show all notices sent. Rather, it was one clear example of the many notices of payment default and potential referral to foreclosure that were provided to [defendant] showing that he was fully informed and provided with the opportunity to cure (in compliance with Section 20 of the Deed of Trust ***)."

Claiming that it had established that it was entitled to foreclose, plaintiff contends that the burden at the trial court then shifted to defendant to submit evidence contesting some element of plaintiff's case. Because defendant did not submit any evidence or otherwise deny that he had received the required notices, plaintiff argues, defendant did not create a fact issue and summary judgment was therefore properly granted.

Plaintiff is mistaken that it met its initial burden to present facts supporting a *prima facie* case. As noted, plaintiff acknowledges that it was required to give defendant the notice required by sections 20 and 22 before acceleration and foreclosure were authorized under the trust deed and that the letter attached to the supplemental declaration did not comply with those notice requirements. However, plaintiff's argument, at its core, is that the declaration and *noncompliant* letter establish that *compliant* notice letters *were* sent. As we proceed to explain, in light of plaintiff's burden on summary judgment, that argument fails.

A party moving for summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. ORCP 47 C; *Jones*, 325 Or at 420. A fact is material if it is "one that, under

applicable law, might affect the outcome of a case." *Zygar v. Johnson*, 169 Or App 638, 646, 10 P3d 326 (2000), *rev den*, 331 Or 584 (2001). "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

Whether plaintiff complied with the notice requirements of sections 20 and 22 of the trust deed is a question of material fact, as it is a fact that, "under applicable law, might affect the outcome of a case." *Zygar*, 169 Or App at 646. Plaintiff does not contest that, under the terms of the trust deed it sought to enforce, the notice requirements had to have been met before it obtained the right to foreclose and accelerate defendant's outstanding debt. Accordingly, plaintiff was required to present evidence that it had given the required notice and, therefore, was authorized under the terms of the trust deed to accelerate defendant's outstanding debt and foreclose on his property. Although plaintiff argues that defendant had the burden of presenting some evidence that it had *not* received that notice, it is plaintiff in this instance that bears the initial burden to make a *prima facie* showing that it was entitled to summary judgment. *Wieck v. Hostetter*, 274 Or App 457, 470, 362 P3d 254 (2015). Because in this case plaintiff bears the burden of persuasion at trial, plaintiff bears "the burden of producing evidence to establish that [claim] as a matter of law at the summary judgment stage." *Id.*

In determining whether a party moving for summary judgment has met that initial burden, the trial court views the record "in a manner most favorable to the adverse party." ORCP 47 C. Under that standard of review, the trial court, and this court on appeal, draws all reasonable inferences in favor of the nonmoving party. *Jones*, 325 Or at 408; *see also Wall Street Management & Capital, Inc. v. Crites*, 274 Or App 347, 354, 360 P3d 673 (2015) ("[E]ven if the facts are undisputed, if the inferences arising from them are susceptible to more than one reasonable conclusion, summary judgment should not be granted." (Internal quotation marks and brackets omitted.)).

Applying that standard of review here, the evidence plaintiff submitted was insufficient. Before the trial court, defendant pointed plaintiff to the specific notice provisions unaddressed by plaintiff's initial submission. Those notice provisions required that plaintiff provide defendant, in writing, with "a date, not less than 30 days from the date the notice is given," by which defendant must cure default, and inform defendant that he had "the right to reinstate after acceleration" and "the right to bring a court action" contesting default and asserting other defenses.

Although Braune's supplemental declaration, filed with plaintiff's reply brief, broadly asserted that Nationstar had sent multiple unspecified demand letters "as contemplated by the Deed of Trust," that declaration stated further that the attached letter—which, in fact, did not comply with the Section 22 notice requirements—was a "true and accurate copy of one such letter." Plaintiff also argued in its reply brief that it had sent "multiple letters complying with the requirements of [Section] 22 of the Deed of Trust" and then cited to the same letter attached to Braune's supplemental declaration as an example of such a letter. Even assuming that Braune's broad assertion in her declaration, standing alone, could have been enough to establish that the notice required by Section 22 of the trust deed had been sent to defendant, a conclusion we do not reach, the addition of the *noncompliant* letter as an example of purported proper notice undercuts that inference. Accordingly, viewing that evidence in the manner most favorable to the nonmoving party, we conclude that Braune's generic declaration and the attached noncompliant notice letter do not establish as a matter of law that Nationstar, the loan servicer, complied with the relevant notice requirements for judicial foreclosure. Therefore, plaintiff failed to meet its initial burden to present evidence of a *prima facie* case for judicial foreclosure.

Plaintiff additionally argues that, should we conclude that it failed to meet its burden at summary judgment by failing to submit evidence that it provided defendant with proper notice, that error was harmless. Plaintiff argues that, "if this case were to be remanded to the trial court, all that would be required to remedy the issue addressed by [defendant's] appeal would be to submit the 30 day acceleration

notice * * * to the trial court in order to re-confirm that summary judgment was proper." In support of that argument, plaintiff then attempts to present new evidence directly to us that is not in the trial court record. Plaintiff's argument is not a proper harmless error argument, but an attempt to have us consider new potential evidence for the first time on appeal and in advance of any remand to the trial court. Of course, we cannot do that. *See* ORCP 47 C (the summary judgment record consists of the "pleadings, depositions, affidavits, declarations and admissions on file"); ORAP 3.05(1) ("In any appeal from a trial court, the trial court record on appeal shall consist of the trial court file, exhibits, and as much of the record of oral proceedings as has been designated in the notice or notices of appeal filed by the parties."); *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 613, 892 P2d 683 (1995) (the summary judgment record reviewed on appeal "consists of all exhibits and depositions submitted by the parties in support of, or in opposition to, the motion for summary judgment").

Reversed and remanded.