226          January 2, 2025          No. 5

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NOUR EDDINE MOUKTABIS,
*Plaintiff-Appellant,*

*v.*

OREGON CITY POLICE DEPARTMENT;
and West Linn Police Department,
*Defendants-Respondents,*

*and*

CLACKAMAS COUNTY,
a political subdivision of the State of Oregon,
Sandra M. Faber, an individual,
and M. A. an individual,
*Defendants.*

Multnomah County Circuit Court
21CV14422; A179878

Thomas M. Christ, Judge Pro Tempore.

Argued and submitted September 13, 2024.

Nour Eddine Mouktabis argued and filed the briefs *pro se*.

Jordan Parsons argued the cause for respondents. On the brief were John Barhoum and Chock Barhoum LLP.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff appeals from a judgment dismissing his claims for false imprisonment, false arrest, and negligence, stemming from his arrest for a violation of a restraining order. The trial court granted defendant police departments' motion for summary judgment on the basis of immunity for the police officers involved in the arrest. As explained below, we conclude that the trial court improperly shifted the burden on summary judgment to plaintiff and granted summary judgment on a mistaken principle of law. Accordingly, we reverse and remand.

On review of a grant of summary judgment, we view the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party, which is plaintiff in this case. *See, e.g.*, *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997); *Sanders v. Vigor Fab, LLC*, 308 Or App 282, 283, 480 P3d 999 (2020), *rev den*, 368 Or 702 (2021). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. We describe the underlying facts using our standard of review.

Plaintiff and his now ex-wife, M, were in the midst of a contentious divorce. M had obtained a restraining order against plaintiff that prohibited him from contacting her except for emergencies concerning their children. Following a report from M that plaintiff had violated the restraining order by texting her, Oregon City Police Officer Heryford, with backup from the West Linn Police Department, investigated the report and ultimately arrested plaintiff pursuant to ORS 133.310(3), which requires a peace officer to arrest a person when the officer has probable cause to believe that the person has violated the terms of a valid restraining order. Plaintiff was taken into custody and spent a night in jail. He was subsequently acquitted of violating the restraining order.

Following his acquittal, plaintiff filed a complaint against multiple defendants for the actions resulting in his arrest and multiple subsequent contentious encounters relating to his relationship with M where police became involved. As relevant to this proceeding, plaintiff asserted

claims against the Oregon City and West Linn police departments for false arrest, false imprisonment, and negligence.[1]

Defendants filed a motion for summary judgment against all of plaintiff's claims, arguing that the police were immune from liability under ORS 133.315, which grants police officers immunity—"provided the peace officer acts in good faith and without malice"—for arrests made pursuant to ORS 133.310(3). In its briefing on the immunity defense, defendants cited the language of the immunity statute and argued that immunity applied to the individual officers and departments, arguing that plaintiff had "not made claims that any of the officers involved in the May 13, 2019, arrest acted in bad faith or with malice, therefore the individual officers are immune from Plaintiff's claims."[2] In his response, plaintiff pointed out that defendants bore the burden to present an argument that there was no genuine issue of material fact and asserted that the presence of probable cause to arrest was a prerequisite for the application of the immunity statute.

Following argument on the motion, the trial court concluded that immunity applied and granted defendants' motion for summary judgment, ruling from the bench as follows:

> "[T]he first and second claims are for false arrest and false imprisonment. I think that the officers are immune from liability under ORS 133.315.
>
> "That statute makes them immune in these circumstances, absent proof that they were acting in bad faith or with malice. And, on this record, I find no evidence to support a finding that they were.
>
> "Probable cause to arrest is not required for immunity. You have immunity unless you're acting in bad faith or with malice, which means with an intent to cause harm.

---

[1] Other claims against other defendants have been dismissed or are proceeding in other postures. The current appeal concerns only those claims against the police department defendants.

[2] Defendants raised a number of other arguments on summary judgment, including that plaintiff had not provided adequate tort claim notice and that each of plaintiff's individual claims failed for various factual reasons. None of those additional issues are before us on appeal.

And even if you're lacking probable cause to arrest, that doesn't mean you're in bad faith or acting maliciously.

"\* \* \* \* \*

"That brings us to the negligence claim. And here, again, I think the claim is precluded based on the immunity that's provided in ORS 133.315. Whether or not there was probable cause for the arrest isn't the test for immunity.

"And so while there may be some evidence here to support a finding that they didn't have probable cause, there isn't evidence, in my view, to support a finding that the officers acted in bad faith or maliciously."

Plaintiff now appeals, asserting that the trial court applied the incorrect legal standard to the assessment of defendants' motion for summary judgment by not requiring a showing of probable cause for the arrest prior to applying the immunity statute and by improperly shifting the burden to plaintiff to prove bad faith rather than requiring defendants to demonstrate good faith. We address both of plaintiff's contentions in reverse order, conclude that the trial court erred in granting summary judgment, and reverse and remand.

As noted earlier, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. As we have explained, a fact is material "if it is one that, under applicable law, might affect the outcome of a case." *U.S. Bank National Association v. Vettrus*, 285 Or App 629, 635-36, 397 P3d 68 (2017) (internal quotation marks omitted). The summary judgment standard is met when "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Sanders*, 308 Or App at 283 (internal quotation marks omitted). The party who bears the burden of producing evidence on an element of a claim or defense has the burden of producing evidence on that issue on summary judgment. *O'Dee v. Tri-County Metropolitan Trans. Dist.*, 212 Or App 456, 460-61, 157 P3d 1272 (2007).

We begin with plaintiff's argument that the trial court improperly shifted the burden to plaintiff on an

element of defendants' affirmative defense. Specifically, plaintiff argues that the court erred in granting summary judgment based on plaintiff failing to show evidence of the officers acting in bad faith, instead of requiring the defendants to prove that the officers acted in good faith. We agree with plaintiff's argument that the trial court erred.

As explained below, it is undisputed that defendants would have had the burden of proof at trial on the defense of immunity. Accordingly, defendants bore the burden of producing evidence to establish that defense as a matter of law at the summary judgment stage. *Wieck v. Hostetter*, 274 Or App 457, 470, 362 P3d 254 (2015). Thus, we turn to whether defendants carried their burden that the police departments were immune from liability for the arrest.

ORS 133.315 provides, in part, that "[n]o peace officer shall be held criminally or civilly liable for making an arrest pursuant to *** ORS 133.310(3) *** provided the peace officer acts in good faith and without malice." In their summary judgment argument, defendants did not make any assertion as to how they had demonstrated that the officers acted in good faith. Instead, defendants merely asserted that plaintiff had not made claims that any of the officers acted in bad faith.[3] Defendants therefore presented their motion in a manner that shifted the burden to plaintiff to prove that there was bad faith, instead of framing their argument as one in which they fulfilled their burden of demonstrating good faith. In so doing, defendants failed to produce evidence or arguments to establish the element of the defense that the officers acted in good faith. The trial court proceeded to subsequently decide the summary judgment motion on the incorrect standard, concluding that there was no evidence of bad faith instead of affirmatively concluding that defendants had shown good faith. Based on the arguments and evidence submitted on summary judgment, a genuine issue of material fact remained as to whether the officers acted

---

[3] We note that plaintiff alleged in his amended complaint and in his deposition testimony that was made part of the summary judgment record that the officers' decision to arrest him was based on plaintiff "being a male of color"; that an officer had misidentified his race; that the West Linn Police Department has a history of race-based policing decisions; and that the domestic-relations enforcement process is systemically biased against men.

in good faith, making summary judgment on the basis of immunity improper.

On appeal, defendants do not dispute that they bore the burden of establishing evidence supporting the defense of immunity. They assert that the evidence submitted, including officer declarations, police reports, and deposition testimony show that the officers performed diligent investigation and responded in an appropriate and reasonable manner. Defendants remonstrate that that evidence showed that the officers acted in good faith, satisfying their burden. They further contend that the trial court's statements regarding a lack of evidence of bad faith was the court's determination that defendants had successfully met their burden of establishing that the undisputed facts showed that they were entitled to judgment as a matter of law and that plaintiff had failed to raise any issue of fact that would call into question defendant's evidence of good faith.

We are not convinced by defendants' argument. Defendants' argument runs contrary to the trial court's statements incorrectly summarizing the immunity standard in general. The trial court explained that, in its view, ORS 133.315 "makes them immune in these circumstances, absent proof that they were acting in bad faith or with malice. *** You have immunity unless you're acting in bad faith or with malice." Defendants' assertion fails to grapple with the explicit statements of the court that it believed immunity applied unless there was a showing of bad faith. Nothing in the court's ruling indicates that it affirmatively found that defendants had demonstrated good faith.[4] Accordingly, we conclude that the trial court erred in granting defendants' motion for summary judgment. A genuine issue of material fact remained as to whether the officers acted in good faith, making summary judgment improper.

---

[4] At oral argument before us, defendants contended that the trial court's ruling could also be read as indicating that a lack of bad faith is the same as the presence of good faith—that is, that there is not a "spectrum" of faith. We need not resolve that issue because we conclude that the allocation of who bears the burden is legally significant in these circumstances. Although the same or similar evidence may potentially be used to prove the presence of good faith or the absence of bad faith, the consequence of inappropriately shifting the burden to plaintiff is determinative in this case.

Finally, although we remand on that basis, we briefly address plaintiff's first assignment of error, as it is likely to arise on remand. Plaintiff asserts that the trial court's determination that there was some evidence from which it could conclude that the officer lacked probable cause to arrest plaintiff was sufficient grounds to preclude summary judgment in this matter. Plaintiff asserts that the presence of probable cause is necessary for a determination of immunity under ORS 133.315.

We disagree with plaintiff's contention that probable cause is a necessary ingredient of the immunity determination. The plain language of ORS 133.315 provides that an officer is not liable for making an arrest pursuant to ORS 133.310(3) if the officer "acts in good faith and without malice." Thus, the availability of immunity is not predicated on whether the officer had probable cause for the arrest; instead, the statutory text provides that the availability of immunity springs from an officer acting "in good faith and without malice." An officer's good faith, but ultimately mistaken, belief that probable cause existed and that an arrest was required is precisely the sort of situation in which immunity under ORS 133.315 may be applicable if the other statutory requirements are met. We, therefore, reject plaintiff's first assignment of error.

In sum, we conclude that the trial court erred in granting summary judgment because it improperly shifted the burden on summary judgment to plaintiff and granted summary judgment on a mistaken principle of law.

Reversed and remanded.