No. 573          June 24, 2026          845

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LVNV Funding LLC,
*Plaintiff-Respondent,*

*v.*

Karellen A. STEPHENS,
*Defendant-Appellant.*

Multnomah County Circuit Court
24CV06378; A186756

Timothy W. Grabe, Judge pro tempore.

Submitted April 14, 2026.

Karellen Stephens filed the brief *pro se.*

Alana Reid and Johnson Mark LLC filed the brief for respondent.

Before Shorr, Presiding Judge, O'Connor, Judge, and Walters, Senior Judge.

WALTERS, S. J.

Reversed and remanded.

**WALTERS, S. J.**

This is a collection action in which the trial court granted summary judgment in favor of plaintiff against defendant. The court concluded that plaintiff had submitted adequate materials under oath to demonstrate that defendant owed an alleged debt and told defendant that her sworn declaration denying the debt did not create an issue of fact because it was not supported by a sworn statement from "a police officer, maybe a prosecutor" confirming her supposition that fraud had occurred. On appeal, defendant raises two assignments of error challenging the trial court's grant of summary judgment and failure to rule on her request for relief under ORCP 45 D. For the reasons explained below, we reverse and remand.

Plaintiff filed a complaint against defendant in which it alleged that defendant was indebted to "Original Creditor" for credit extended to defendant to purchase "merchandise, services, and/or cash advances." Plaintiff alleged that defendant had failed to make payments on her account in the amount of $2,600.65 and that plaintiff had acquired that account from Original Creditor. Plaintiff personally served the complaint on defendant and, representing herself, defendant filed an answer denying that she owed the sum alleged. Plaintiff then filed the motion for summary judgment at issue here. With its motion, plaintiff submitted various pleadings, including a request for admissions and a declaration from counsel averring that he had sent the request to defendant but that she had not responded.

In response to plaintiff's motion for summary judgment, defendant filed a declaration making certain statements under oath, including the following, "I deny the allegations that I am indebted to the Plaintiff or that I owe the amount claimed." Defendant explained that plaintiff had not provided her with documents or detailed transaction records showing that she had opened or used the account, that she was not certain that she had opened or used the account, that the account could have been compromised or fraudulently used without her knowledge, and that she did not receive plaintiff's request for admissions. Defendant also filed a request for relief under ORCP 45 D (request to

withdraw), seeking to withdraw any admissions deemed admitted due to a failure to respond to plaintiff's requests for admissions and requesting additional time to respond. As grounds for withdrawal, defendant said that she had not received the requests and was therefore unable to respond, that her failure was not intentional or in bad faith, and that, had she received the requests, she would have responded promptly and appropriately. Defendant argued that withdrawal of any deemed admissions would not prejudice plaintiff but would allow presentation of the merits of the issue.

Before the hearing on summary judgment, the trial court did not rule on defendant's request to withdraw. At the hearing on summary judgment, plaintiff stated that the basis for its motion was defendant's "failure to respond to the request for admissions" and the "admission[s] should be deemed admitted" leaving no question of fact for trial. The court did not indicate that it agreed that the requested facts were deemed admitted nor did it mention defendant's request to withdraw. Instead, the court asked about whether there was a factual dispute, and defendant argued that there was. She repeated that "this is not my debt" and said that she had an unsecured mailbox and had not seen verifiable purchases or bills. The trial court told defendant that plaintiff had "submitted adequate materials under oath that say it is your debt. In order for you to go to trial, you had to submit sworn statements of somebody saying, this is not your debt, and here's why." The court expressed sympathy for defendant's position, telling her that she should have gotten a lawyer. The court acknowledged that defendant probably could not afford one and that "[a] lot of people cannot," but, the court said, the legislature had set up rules creating "a pretty high bar for people to get over. And the way you get over that bar to go to trial is to do what I've suggested, which is to submit an affidavit from a police officer, maybe a prosecutor, saying we caught the guy that ripped off or fraudulently used your credit card." The court granted plaintiff's motion for summary judgment.

On appeal, defendant raises two assignments of error. In her first assignment, she argues that plaintiff failed to meet its burden of demonstrating that there was

no genuine issue of fact and it was entitled to judgment as a matter of law. In a second assignment of error, she argues that the trial court erred in failing to rule on or implicitly denying her request to withdraw under ORCP 45 D.

We begin our analysis with defendant's second assignment of error because it is essential to our analysis of the first. For the reasons that follow, we agree with defendant that the trial court erred and conclude that it was or would have been an abuse of discretion for the court to deny defendant's motion to withdraw.

In its request for admissions, plaintiff asked defendant to admit facts that, if admitted, would establish most of the allegations of its complaint—that Original Creditor extended credit to defendant, and that defendant used that credit to procure merchandise or services but failed to pay the statements that Original Creditor sent her. On appeal, plaintiff points us to its request for admissions and argues that, because defendant did not respond to that request, the alleged facts were conclusively established and demonstrate that it is entitled to judgment as a matter of law. ORCP 45 B.

Defendant responds that ORCP 45 D allows the court to permit withdrawal of admissions and that she made a request to do so. The trial court did not expressly rule on that motion and, as noted, defendant contends, in her second assignment of error, that the court erred, either in failing to rule on her request or in implicitly denying it.

On this record we cannot conclude that the trial court implicitly denied defendant's request to withdraw. *Cf. State v. Schmidtke*, 362 Or 203, 206-07, 406 P3d 59 (2017) (where the defendant filed motion to suppress pre- and post-*Miranda* statements and the court ruled only on post-*Miranda* statements, the court's failure to address pre-*Miranda* statements amounted to implicit denial of motion to suppress those statements). When asking for and explaining the position defendant was in, the trial court did not say that defendant was deemed to have admitted the requested facts and could not contest them. Instead, the court told defendant that she could contest plaintiff's position and defeat

summary judgment if she could "submit sworn statements of somebody saying, this is not your debt." The trial court was required to rule on defendant's request to withdraw and its failure to do so, either explicitly or implicitly, was error.

We could, therefore, remand this case to the trial court to expressly make the required ruling. ORCP 45 D allows, but does not require, the court to permit withdrawal of admissions when "the merits of the case will be furthered and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining that party's case." Typically, therefore, we would remand this case to the trial court to permit it to make that discretionary decision. Here, however, considering the unique posture of this case, we have decided on a different course. *See State v. Mott*, 370 Or 830, 849-50, 527 P3d 758 (2023) (although remand is typical, circumstances may justify a different choice). First, as we have explained, the trial court did not rest its decision to grant plaintiff's motion for summary judgment on defendant's admissions. Rather, the court considered the sufficiency of defendant's response to the motion as if she had not admitted the facts alleged. Second, and relatedly, as the trial court's decision indicates, under the circumstances here, there is only one legally correct outcome. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (reasoning that, "[i]f there is only one legally correct outcome, then 'discretion' is an inapplicable concept").

Under ORCP 45 D, plaintiff, the party who obtained the admission, was required to satisfy the court that, if the court granted defendant's request, plaintiff would suffer prejudice. Plaintiff's only argument in that regard is purely conclusory—that permitting defendant to withdraw the admission late in the litigation "would have been prejudicial, contrary to the structure of ORCP 45, and unfair." Thus, there would be no factual basis for the trial court to find prejudice here. Nevertheless, in the typical case, it would be up to the trial court to decide whether the merits of the case would be furthered by granting the motion. When such discretion is permitted, it is only in the rare case in which the record does not disclose any "case-specific, institutional,

or systemic factors" that a court could weigh to reach more than one conclusion, that reversal rather than remand will be appropriate. *See Mott,* 370 Or at 849 (so indicating). Here, regarding the lack of case-specific factors, defendant avers, and plaintiff does not contest, that plaintiff had not provided original documentation or other evidence showing that she had opened or used the credit card account, and that she had not received any signed agreements, detailed transaction records, or other relevant documents that would conclusively establish that she was liable for the alleged debt. And, with respect to institutional or systemic factors, ORCP 45 D evidences a preference for a decision on the merits as do ORCP 45 B (permitting longer time to respond to requests for admission as court may allow) and ORCP 47 F (permitting a denial of motion for summary judgment or a continuance to obtain discovery). From the record before the trial court, it does not appear that trial was approaching, and plaintiff does not identify other institutional or systemic factors that would militate against consideration of the merits of plaintiff's claim. In many, if not most, instances in which a party seeks to withdraw admissions, such case-specific, institutional, or systemic factors will be apparent, and it will be up to the trial court to weigh them. But no such factors are apparent here, and, in this unique circumstance, we deem it appropriate to reverse the ruling rather than to vacate it and remand for the trial court to make a ruling. In reaching that conclusion, we do not mean to imply that ORCP 45 D can be read to compel a trial court to grant a motion to withdraw if there are facts from which a trial court could find prejudice to the party opposing the motion or factors from which the court could conclude that granting the motion would not further the merits of the case. Here, however, the trial court seems to have recognized the paucity of the record, proceeded on the assumption that defendant did not conclusively admit that she incurred and owed the debt that plaintiff seeks to collect, and considered whether there was a genuine issue of material fact on that issue.

We do the same and now take up defendant's first assignment of error. We review a grant of summary judgment for errors of law and will affirm if, viewing the evidence in the light most favorable to the nonmoving party,

there is no genuine dispute of material fact, and the non-moving party is entitled to judgment as a matter of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021); ORCP 47 C.

Summary judgment is generally a three-step process. The party with the burden of persuasion bears the initial burden of production to establish its claim as a matter of law. *U.S. Bank National Association v. Vettrus,* 285 Or App 629, 636, 397 P3d 68 (2017). A nonmoving party has no duty to offer evidence contrary to that submitted by the moving party unless the moving party has offered evidence entitling the moving party to a directed verdict. *Taylor v. Baker,* 279 Or 139, 149, 566 P2d 884 (1977); *Paulsen v. Continental Porsche Audi,* 49 Or App 793, 799, 620 P2d 1384 (1980). When the moving party meets its initial burden, the non-moving party cannot rest on its pleadings but must produce admissible evidence showing that there is a genuine issue as to any material fact for trial. ORCP 47 D. The moving party may reply, and the court then determines, from the evidence submitted, whether the moving party has established that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. In making that determination, the trial court must draw all reasonable inferences in favor of the nonmoving party. *Vettrus*, 285 Or App at 636. "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. Stated differently, a genuine issue as to a material fact exists if, based on the record before the court, viewed in a manner most favorable to the adverse party, a reasonable juror could return a verdict for the adverse party.

In this case, plaintiff is the party with the burden of persuasion. In its brief to us, in addition to standing on defendant's failure to respond to its requests for admissions, plaintiff argues that it met its burden of production by submitting a credit card statement with defendant's name and address and an assignment of the debt from the original creditor to plaintiff. ORCP 47 D provides,

"supporting and opposing affidavits and declarations must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant or declarant is competent to testify to the matters stated therein. Sworn or certified copies of all documents or parts thereof referred to in an affidavit or a declaration must be attached thereto or served therewith."

The credit card statement and assignment documents that plaintiff submitted do not meet those requirements. Plaintiff's declaration of counsel does not authenticate them and they are not sworn or certified copies.

Nevertheless, defendant did respond to plaintiff's motion for summary judgment with facts of her own. As noted above, defendant submitted an affidavit specifically denying the existence of the debt, informing the court that plaintiff had not shown that she had opened or used the account plaintiff alleged was hers.

Plaintiff did not submit any documents in reply, and, at the summary judgment hearing, when the court considered the evidence both parties had adduced, it told defendant that plaintiff had "submitted adequate materials under oath that say it is your debt." The court told defendant that her denial was significant, but that she was required to produce more: "an affidavit from a police officer, maybe a prosecutor, saying we caught the guy that ripped off or fraudulently used your credit card." (Emphasis added). The record does not include admissible evidence that the credit card was defendant's; the trial court erred in concluding that plaintiff had submitted adequate materials under oath to establish that defendant owed it a debt. And the trial court erred in setting the bar for defendant as high as it did. Considering the evidence submitted by both parties—the dearth of admissible evidence from plaintiff and defendant's specific reasoned denial—a genuine issue as to a material fact exists. On the record before the court, viewed in a manner most favorable to defendant, a reasonable juror could return a verdict for defendant.

Before we set our conclusion that the trial court erred in granting summary judgment for plaintiff in stone, we want to note that actions to collect what may seem, to

some, to be small amounts of money, will have, for many, considerable, even huge, consequences. Here, the trial court was correct that defendant may have benefitted from the assistance of a lawyer and that she, among many, may not have been able to afford one. That so many parties have no financial choice but to represent themselves is a great misfortune, not only for those parties themselves, for whom the consequences can be dire, but also for the efficient and effective operation of our judicial system. It falls on our courts to do what we can to ensure that the sums sought are sums that are owed. In collection actions for small sums, where defendants often are not represented by attorneys, it is imperative that our courts be alert to the harm that can occur if judgment is entered in error. We must give chances for a hearing when justice allows and examine the record with the utmost care and circumspection—cross every t and dot every i—before granting and entering judgment, including default and summary judgment.

Here, the trial court erred in failing to grant defendant's request to withdraw and in granting plaintiff's motion for summary judgment.

Reversed and remanded.